Joseph V. SCELSA, individually and as Director of the John D. Calandra Italian American Institute of the City University of New York

v.

CITY UNIVERSITY OF NEW YORK and W. Ann Reynolds, as Chancellor of the City University of New York.

No. 92 Civ. 6690 (CBM).

United States District Court, S.D. New York.

Aug. 19, 1993.

Culleton, Marinaccio & Foglia (Howard R. Birnbach, of counsel), White Plains, NY, for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison (A. Leon Higginbotham, Jr., Stuart Robinowitz, Melissa T. Rosse, of counsel), New York City, for defendants.

## OPINION RE MOTION BY PLAINTIFF FOR FEES

MOTLEY, District Judge.

### BACKGROUND

On September 9, 1992, this court granted plaintiffs a temporary restraining order preventing the City University of New York (CUNY) from dismantling the John D. Calandra Italian American Institute (Calandra Institute) and demoting its Director, Dr. Scelsa. An evidentiary hearing was held from September 21, 1992, to October 6, 1992, on plaintiff's motion for a preliminary injunction. On November 18, 1992, this court granted plaintiff's motion and preliminarily enjoined defendants in *Scelsa v. City University of New York*, 806 F.Supp. 1126 (S.D.N.Y. 1992), familiarity with which is presumed.

Defendants appealed this court's granting of the preliminary injunction. While the appeal was pending defendants then sought instead a remand, seeking a rehearing from this court on the grounds of allegedly "new evidence." When this motion for a remand and rehearing was denied, defendants withdrew their appeal.

Plaintiff has since moved for attorneys' fees, arguing that as the prevailing party in a civil rights suit they enjoy a statutory entitlement to such fees.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ This suit has been prosecuted under 42 U.S.C. §§ 1981, 1983, and Titles VI and VII of the Civil Rights Act of 1964. Consequently, attorneys' fees may be recovered by the prevailing party. 42 U.S.C. § 1988(b) (1991) provides that:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Additionally, 42 U.S.C. § 2000e–5(k) (1991) provides that

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

A district court enjoys wide discretion in determining the award of attorneys' fees, *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992), cert. den. —— U.S. ——, 113 S.Ct. 978,

122 L.Ed.2d 132 (1993), and the standards for awarding fees are the same under both statutes. *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40, 50 (1983).

■ The issue, therefore, before this court is whether a civil rights plaintiff deserves attorney's fees for winning a preliminary injunction. Defendants' response is that plaintiff is not entitled to fees because it is not the prevailing party. Defendants assert that plaintiff will eventually lose at trial and that therefore any preliminary relief they achieved will be reversed.

■ To be considered a prevailing party under the above statutes a litigant need not prevail on every claim and issue involved in the litigation. It is sufficient that plaintiff succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983).

■ "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either pendente lite or at the conclusion of the litigation." *Texas State Teachers Association v. Garland School District,* 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866, 876 (1989). In order to award fees for pendente lite relief the party seeking fees must establish his or her entitlement to some relief on the merits of his claims in the trial court. *Hanrahan v. Hampton,* 446 U.S. 754, 757–58, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670, 674 (1980).

Before plaintiff can receive an award of fees he or she must first receive some of the legal relief sought before he or she can accurately be labeled a prevailing party. "Thus, at a minimum, to be considered a prevailing part within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between it and the defendant." *Texas Teachers,* 489 U.S. at 792, 109 S.Ct. at 1493, 103 L.Ed.2d at 877.

Thus, the inquiry before this court is whether there has been a resolution of the dispute which changes the legal relationship between the parties. "Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." *Farrar v. Hobby,* —— U.S. ——, ——, 113 S.Ct. 566, 573, 121 L.Ed.2d 494, 503 (1992). There must be a modification of "the defendant's behavior in a way that directly benefits the plaintiff." Id. Clearly, here, CUNY's behavior has been modified in a way that benefits plaintiff.

The intent of CUNY was, as revealed at the hearing for the preliminary injunction, to stealthily dismantle the Calandra Institute, reassign its personnel, and remove Dr. Scelsa from his position as Director. Because plaintiffs won a preliminary injunction, the existence of the Institute and the position of Dr. Scelsa have been preserved for the 1993–94 school year. Additionally, CUNY was enjoined pending trial from any further discrimination against Italian–Americans. *Scelsa,* 806 F.Supp. at 1146–47. Thus, CUNY's behavior was modified in significant ways that redounded to the benefit of plaintiffs.

■ While the plaintiff's relief may eventually be negated through a loss at trial, some relief has clearly been achieved. The degree of success may ultimately be diminished, but the actuality of some success cannot be denied. Where a plaintiff achieves only partial success, the fees award may be limited to less than the product of hours times a reasonable hourly rate. Whether or not a party prevails is a separate inquiry from the amount of fees he or she merits for prevailing. *Farrar,* —— U.S. at ——–——, 113 S.Ct. at 573–575, 121 L.Ed.2d at 504–505.

■ If only a Temporary Restraining Order had been granted, then a fees award would be inappropriate. "[T]he procurement of a TRO in which the court does not address the merits of the case but simply preserves the status quo to avoid irreparable harm to the plaintiff is not by itself sufficient to give a plaintiff prevailing party status." *Christopher P. By Norma P. v. Marcus,* 915 F.2d 794, 805 (2d Cir.1990), cert. den. 498 U.S. 1123, 111 S.Ct. 1081, 112 L.Ed.2d 1186 (1991).

Here, however, a preliminary injunction was issued which addressed and discussed

the merits. This court found that plaintiff had advanced meritorious grounds for proceeding under Title VI and Title VII of the Civil Rights Act of 1964. *Scelsa*, 806 F.Supp. at 1140–44. Plaintiffs were also found to have sufficiently meritorious 42 U.S.C. §§ 1981 and 1983 claims to merit the granting of the preliminary injunction. *Scelsa*, 806 F.Supp. at 1144–46. Since the merits of plaintiffs' suit were addressed and found compelling enough to grant the equitable relief sought in plaintiffs' application for a preliminary injunction, the grant of a fees award is warranted.

## CONCLUSION

Plaintiffs' motion for fees is GRANTED. However, the court cannot on the record before it award fees in an amount certain. Further submissions as to the amount of the fees award are required. Therefore, plaintiff is to submit on the issue of amount by September 10, 1993, and CUNY is to submit an Answer by September 17, 1993, to which plaintiff may Reply by September 24, 1993.[1] A hearing on the application for fees will thereafter be set.

---

1. Of course, if the parties can agree to stipulate as to the appropriate fees award then no further submissions would be required.