Suzanne **HALEY**, Ruth V. Verbal, Barbara J. Scott, James H. Watson, Nadine Jones, Joy King, Robert Matthews, Deborah Allen, and A. Joshua Ehrlich, Plaintiffs,

v.

George E. **PATAKI**, as Governor of the State of New York and the State of New York, Defendants.

No. 95–CV–550.

United States District Court, N.D. New York.

July 6, 1995.

Zwerling, Schachter, Zwerling & Koppell, New York City, for plaintiffs (Kenneth J. Munnelly, of counsel).

Dennis C. Vacco, Atty. Gen. of the State of N.Y., Dept. of Law, Albany, NY, for defendants (Alan S. Kaufman, of counsel).

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

This action was brought against New York State and George E. Pataki as Governor of New York State for a declaratory judgment that plaintiffs' constitutional and statutory rights were violated by the withholding of their salary payments pending passage of the state budget. Plaintiffs sought a preliminary injunction and on May 3, 1995, this court issued a Memorandum, Decision and Order granting plaintiffs' request for a preliminary injunction and dismissing the State of New York as a defendant. The court ordered that insofar as Governor Pataki undertook to send future appropriation bills and messages of necessity to the legislature for the payment of state workers, he could not exclude payment to legislative employees from such bills, and a portion of those same funds had to be allocated for the payment of legislative employees.

Defendants filed a notice of appeal on May 3, 1995 and filed a motion for an expedited appeal on May 4, 1995. Defendants then sought a stay of the preliminary injunction pending the resolution of the appeal first from the district court and then from the Second Circuit Court of Appeals. Both stay requests were denied and the Governor has since complied with the May 3, 1995 order by paying legislative employees. The Governor submitted appropriation bills which complied with this order on May 9, 1995 and May 15, 1995. Plaintiffs now seek attorneys' fees in connection with the preliminary injunction motion.

## II. DISCUSSION

### A. Type of Action

As noted in the May 3, 1995 order granting a preliminary injunction, the court treated the action as one arising under 42 U.S.C. § 1983, and thus, does so again for purposes of the instant motion since plaintiffs seek attorneys' fees in connection with the preliminary injunction. As the court noted in its May 3, 1995 order, "although not mentioned in the motion papers, this suit can be nothing other than an action pursuant to 42 U.S.C. § 1983, and the court will entertain it as such."

### B. Standard for Granting Attorneys' Fees

42 U.S.C. § 1988(b) allows a court, in its discretion, to award reasonable attorneys' fees as part of the costs of an action under 42 U.S.C. § 1983. In order to qualify for receipt of attorneys' fees, a party must be a "prevailing party." That is, the party must

have obtained "at least some of the relief on the merits of his claim." *Farrar v. Hobby,* —— U.S. ——, ——————, 113 S.Ct. 566, 572–73, 121 L.Ed.2d 494 (1992). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at ——, 113 S.Ct. at 573.

"A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of litigation." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989). However, "it seems clearly to have been the intent of Congress to permit such an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Hanrahan v. Hampton,* 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980). As the Supreme Court has stated:

> It seems apparent … that Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the "substantial rights of the parties," which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney.

*Id.*

The Second Circuit has ruled that the grant of a stay or injunction pending appeal is not necessarily a victory which entitles a plaintiff to attorneys' fees. *See LaRouche v. Kezer,* 20 F.3d 68, 75–76 (2d Cir.1994) (denying attorneys' fees to a party who had been granted a stay pending appeal). Although the stay pending appeal in *LaRouche* clearly involved consideration of a different standard than did the preliminary injunction in this case, *id.* at 72, *LaRouche* is somewhat instructive in considering the instant case. More specifically, the *LaRouche* court distinguished the First Circuit case, *Coalition for Basic Human Needs v. King,* 691 F.2d 597

(1st Cir.1982), which presented a situation similar to the one at hand.

In *King,* Massachusetts state welfare recipients sued the state for resumption of benefits pending passage of an untimely state budget. Although the district court denied plaintiffs' motion for a temporary restraining order, the First Circuit granted an injunction pending appeal which required the state to resume payment of welfare benefits. The case became moot when the state passed its budget, and the First Circuit ultimately granted attorneys' fees to plaintiffs as prevailing parties on the injunction pending appeal. *LaRouche,* 20 F.3d at 73, *citing, King,* 691 F.2d at 597–99. The *LaRouche* court noted that *King* was distinguishable from the case before it because in *King* the controversy became entirely moot and there was no final adverse decision on the merits. *LaRouche,* 20 F.3d at 73.

■ Based on the fact that the *LaRouche* and *King* cases involved injunctions pending appeal rather than preliminary injunctions, the case at hand is distinguishable. The court finds that *LaRouche* does not necessarily require denial of attorneys' fees, as defendants suggest, but finds that both the *LaRouche* and *King* decisions caution the court to reserve decision on the fees issue until the Second Circuit has made some ruling on the appeal before it. *See generally* 2 Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation* § 18.18 (1991) (noting that "the plaintiff may become a prevailing party when a preliminary injunction continues in effect until the suit finally is mooted favorably to the plaintiff, thus achieving a successful final resolution of the claims through operation of the preliminary injunction").

Since the time of the preliminary injunction order, New York State has passed a budget, and so, the status of the appeal is unclear. This lack of clarity as to the status of the legal issues was not present in *King* or *LaRouche.* Important to the *King* ruling was the fact that once the state budget was passed, the appeals court considered the underlying issues moot, thus leaving the preliminary relief obtained by plaintiffs "for fee purposes—close to a final judgment." *King,* 691 F.2d at 601. In this case, to date, the

Second Circuit has not made any determination of mootness, and so, it is not clear that the preliminary injunction granted by this court is "close to a final judgment." Similarly, in *LaRouche*, the various legal issues presented had been decided on their merits or had been considered moot before the issue of attorneys' fees was addressed.[1] *LaRouche*, 20 F.3d at 70. Based on these cases, until such time as the status of the appeal in this case becomes more clear, the court cannot determine whether plaintiffs are the "prevailing party" for fee purposes, and so, reserves decision until further guidance is received from the Second Circuit Court of Appeals.

**IT IS SO ORDERED.**

---

1. Notable also is the procedural stance of *Scelsa v. City Univ. of New York,* 827 F.Supp. 1073 (S.D.N.Y.1993) on which plaintiffs rely heavily for their assertion that attorneys' fees may be granted for prevailing on a preliminary injunction motion. While this court agrees with plaintiffs that *LaRouche* has not overturned *Scelsa,* the defendants in that case had withdrawn their appeal of the preliminary injunction order before attorneys' fees were granted. *Scelsa,* 827 F.Supp. at 1074.