106 F.3d 478
 Suzanne HALEY, Ruth V. Verbal, Barbara J. Scott, James H.
Watson, Nadine Jones, Joy King, Robert Matthew,
Deborah Allen and A. Joshua Ehrlich,
Plaintiffs-Appellees,
v.
George E. PATAKI, as Governor of the State of New York, and
the State of New York, Defendants-Appellants.
 No. 61, Docket 96-7133.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 20, 1996.
Decided Feb. 13, 1997.
 
 Frank K. Walsh, Assistant Attorney General, State of New York, Albany, NY (Dennis C. Vacco, Attorney General of the State of New York, Victoria A. Graffeo, Solicitor General, Peter H. Schiff, Deputy Solicitor General, State of New York, Albany, NY, of counsel), for Defendants-Appellants.
 Kenneth J. Munnelly, Albany, N.Y. (G. Oliver Koppell, Dan Drachler, Zwerling, Schachter, Zwerling & Koppell, New York City, of counsel), for Plaintiffs-Appellees.
 Before: MESKILL, WINTER and CABRANES, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 Plaintiffs moved for a preliminary injunction in the United States District Court for the Northern District of New York, McAvoy, C.J. The district court granted plaintiffs' motion and plaintiffs then moved for attorney's fees pursuant to 42 U.S.C. § 1988. The district court awarded plaintiffs attorney's fees and defendants appeal this award.
 
 
 2
 We affirm.
 
 
 3
 Defendants-appellants raise three issues on appeal: (1) whether plaintiffs are barred from seeking attorney's fees pursuant to 42 U.S.C. § 1988 because their complaint did not refer to 42 U.S.C. § 1983 or any other civil rights statute listed in 42 U.S.C. § 1988; (2) whether plaintiffs who were granted a preliminary injunction are a "prevailing party" for the purpose of an attorney's fee award pursuant to 42 U.S.C. § 1988; and (3) whether the district court erred in accepting plaintiffs' calculation on the number of hours its attorneys devoted to the case. We hold for plaintiffs on all three issues raised and affirm the award of attorney's fees.
 
 BACKGROUND
 
 4
 The facts of this case are thoroughly recited in Haley v. Pataki, 60 F.3d 137 (2d Cir.1995). Although familiarity with this opinion is assumed, we will recite those facts necessary to an understanding of the present appeal.
 
 
 5
 Plaintiffs are nine employees of the State Legislature of New York. Plaintiffs commenced this action in the United States District Court for the Northern District of New York on April 24, 1995, against George E. Pataki, as Governor of the State of New York and the State of New York. Plaintiffs contended that defendants violated plaintiffs' statutory and constitutional rights by withholding payment of their salaries for services rendered during the period April 1, 1995 through April 5, 1995. More specifically, plaintiffs allege that defendants' actions violated their rights secured by the Contract Clause of the United States Constitution, the Equal Protection and Due Process Clauses of the New York and United States Constitutions and section 200 of New York's State Finance Law. Plaintiffs also alleged that defendants' actions violated the separation of powers doctrine of the New York State Constitution. Plaintiffs' complaint did not specifically allege a cause of action under 42 U.S.C. § 1983.
 
 
 6
 Based on these alleged violations, plaintiffs sought a judgment declaring that defendants violated their statutory and constitutional rights. Fearing that defendants would continue to withhold payment of their salaries for the duration of this suit, plaintiffs also sought a preliminary injunction requiring defendants to pay them on a biweekly basis for services rendered on April 1, 1995 and thereafter pending the final outcome of their action.
 
 
 7
 On May 3, 1995, the district court issued a decision on plaintiffs' motion for a preliminary injunction. Haley v. Pataki, 883 F.Supp. 816 (N.D.N.Y.1995). In its memorandum of decision, the district court noted that "although not mentioned in the motion papers, this suit can be nothing other than an action pursuant to 42 U.S.C. § 1983, and the court will entertain it as such." Id. at 821. The district court then dismissed all claims against the State of New York and all state-law claims against the Governor as barred by the Eleventh Amendment, leaving only the federal claims against the Governor intact. Id. at 821-22.
 
 
 8
 With regard to the remaining claims, the district court ruled that because plaintiffs sought a mandatory rather than negative injunction, plaintiffs were required to show both irreparable harm and a likelihood of success on the merits in order to succeed on their motion for a preliminary injunction. Id. at 822-23. The district court noted that "[m]andatory injunctions are not granted in doubtful cases in which the facts and law do not clearly favor the moving party," id. at 823 (internal quotation omitted), and required that "the party seeking a preliminary injunction must make a clear showing of probable success," id. at 824 (internal quotation omitted).
 
 
 9
 The court ruled that plaintiffs had established a sufficient showing of irreparable harm, given that any future federal suit to recover retrospective monetary damages would be barred by the Eleventh Amendment. Id. With regard to showing a likelihood of success, the district court found that it had "little difficulty in finding that the plaintiffs have established a showing of likelihood of success on their claim under the Contract Clause."[1] Id. at 825.
 
 
 10
 Based on these findings of irreparable harm and likelihood of success on the Contract Clause claim, the court granted plaintiffs' motion for preliminary injunction. However, the district court questioned its power to force the Governor to appropriate funds to pay the legislative workers. Id. at 826-27. Concerned about this jurisdictional question, the court ruled that, "although [the court] may be unable to require the Governor to seek the appropriation of state funds, it can lawfully require the Governor to include the legislative employees in any further appropriations for the payment of state employees that he does seek." Id. at 827. Thus, the district court's order provided in pertinent part that "insofar as the Governor undertakes to send future appropriation bills and messages of necessity to the legislature for the payment of state workers, he may not exclude payment to legislative employees." Id. at 828.
 
 
 11
 Defendants appealed the granting of the preliminary injunction and sought a stay of the injunction pending appeal. After the motion for a stay was denied by the district court, the Governor began complying with the preliminary injunction order by paying plaintiffs for services rendered on a biweekly basis. The Governor then sought a stay of the injunction in this Court and a prior panel denied the stay. Meanwhile, the Governor continued to comply with the preliminary injunction until the passage and signing of the State Budget on June 8, 1995, which provided funding for legislative employees for the remainder of the fiscal year.
 
 
 12
 Plaintiffs then sought attorney's fees in the district court pursuant to 42 U.S.C. § 1988(b). The district court reserved decision on plaintiffs' fee request pending the decision of this Court on the appeal of the preliminary injunction. Haley v. Pataki, 892 F.Supp. 61, 64 (N.D.N.Y.1995). On July 19, 1995, we dismissed the defendants' appeal as moot in light of Governor Pataki's compliance with the preliminary injunction and the passage of the budget. Haley v. Pataki, 60 F.3d at 140-42.
 
 
 13
 On October 3, 1995, following this Court's decision on the appeal of the preliminary injunction, the district court awarded attorney's fees of $44,029.11 to the plaintiffs. Haley v. Pataki, 901 F.Supp. 85, 90 (N.D.N.Y.1995). Defendants appeal the district court's decision.
 
 DISCUSSION
 
 14
 "[W]e review a trial court's decision whether to award attorneys' fees to a prevailing party, and in what amount, under an abuse of discretion standard." Cassuto v. C.I.R., 936 F.2d 736, 740 (2d Cir.1991) (citing Pierce v. Underwood, 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988), and Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)).
 
 A.
 
 15
 The first issue we address is whether a party must specifically allege a violation of one of the Civil Rights Acts enumerated in section 1988(b) in order to seek attorney's fees pursuant to that section. Defendants contend that because plaintiffs' complaint did not refer to an action under any of these statutes, the district court abused its discretion by awarding attorney's fees pursuant to section 1988. We disagree.
 
 
 16
 42 U.S.C § 1988(b) provides in pertinent part that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." In this case, plaintiffs' complaint did not refer to section 1983 or any other statute listed in 42 U.S.C. § 1988(b).
 
 
 17
 Although we have never before addressed this issue, we agree with the Sixth Circuit that section 1988 "is concerned with the substance of a prevailing party's action, rather than the form in which it is presented." Americans United For Separation of Church and State v. School Dist. of Grand Rapids, 835 F.2d 627, 631 (6th Cir.1987). Therefore, because section 1988 "must be applied broadly to achieve its remedial purpose," Mid-Hudson Legal Services v. G & U, 578 F.2d 34, 37 (2d Cir.1978), mere failure to plead section 1983 "is not fatal to a claim for attorney's fees if the pleadings and evidence do present a substantial ... claim for which § 1983 provides a remedy," Americans United, 835 F.2d at 631; cf. Consolidated Freightways Corp. v. Kassel, 730 F.2d 1139, 1141 (8th Cir.1984) ("[F]act that a party prevails on a ground other than § 1983 does not preclude an award of attorney's fees under § 1988."); Sharrock v. Harris, 489 F.Supp. 913, 914 (S.D.N.Y.1980) ("The first requirement [a party] must satisfy in [its] application for attorneys' fees is the presence in the case of a substantial section 1983 claim.").
 
 
 18
 In the present case, the district court ruled that, for the purposes of the motion for a preliminary injunction, plaintiffs' Contract Clause claim presented a substantial section 1983 claim. Haley, 883 F.Supp. at 825. When plaintiffs moved for attorney's fees pursuant to section 1988, the district court again decided that the plaintiffs' Contract Clause claim and evidence presented a substantial section 1983 claim and awarded plaintiffs attorney's fees pursuant to section 1988. Haley, 901 F.Supp. at 87-88. We cannot say that the district court abused its discretion in doing so.
 
 
 19
 42 U.S.C. § 1983 provides in pertinent part:
 
 
 20
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
 
 We have held
 
 21
 that in order to state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.
 
 
 22
 Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir.1993).
 
 
 23
 The complaint in this case alleged that Governor Pataki, in his official capacity and pursuant to his powers under the Constitution of the State of New York, subjected the plaintiffs to the deprivation of their rights secured by, inter alia, the Contract Clause of the United States Constitution.
 
 
 24
 Based on these pleadings and the district court's requirement that plaintiffs meet the evidentiary burden of a section 1983 claim, it was not an abuse of discretion for the district court to permit plaintiffs to seek attorney's fees pursuant to section 1988.
 
 
 25
 Governor Pataki is a state official who, when sued in his official capacity for injunctive relief, would be a "person" under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985). In addition, plaintiffs' complaint sufficiently alleges that Governor Pataki acted under the color of state law. West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (internal quotation omitted). Finally, plaintiffs' complaint alleges that the defendants' conduct deprived plaintiffs of a right secured by the Contract Clause of the United States Constitution.[2]
 
 
 26
 Because the district court found that plaintiffs' pleadings presented a substantial section 1983 claim and required plaintiffs to meet the evidentiary burden of a substantial section 1983 claim, we conclude that the district court did not abuse its discretion in determining that plaintiffs could seek attorney's fees pursuant to section 1988.
 
 B.
 
 27
 Defendants' second argument on appeal is that, even if the district court correctly decided that plaintiffs could seek attorney's fees pursuant to section 1988, the district court abused its discretion in determining that plaintiffs were a "prevailing party" under section 1988. We disagree.
 
 
 28
 In order to qualify for attorney's fees under section 1988, a party must be a "prevailing party." 42 U.S.C. § 1988(b); Farrar v. Hobby, 506 U.S. 103, 109, 113 S.Ct. 566, 571-72, 121 L.Ed.2d 494 (1992). It would be an abuse of discretion to award attorney's fees to someone who is not a prevailing party. See Christopher P. v. Marcus, 915 F.2d 794, 804-05 (2d Cir.1990). The Supreme Court has held that "to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." Farrar, 506 U.S. at 111, 113 S.Ct. at 572-73. This can occur without the plaintiff obtaining a favorable final judgment following a full trial on the merits. Hanrahan v. Hampton, 446 U.S. 754, 756-57, 100 S.Ct. 1987, 1988-89, 64 L.Ed.2d 670 (1980) (per curiam).
 
 
 29
 While we have ruled that the grant of a stay or injunction pending appeal is not necessarily relief on the merits which entitles a plaintiff to attorney's fees, see LaRouche v. Kezer, 20 F.3d 68, 71-76 (2d Cir.1994), we do not automatically require denial of attorney's fees when a party receives a stay or preliminary injunction but never obtains final judgment, see id. at 74-75. Instead, a decision to award attorney's fees requires an analysis of whether the party's relief, whether by injunction or stay, resulted from a determination of the merits. See id. at 75. When a party receives a stay or preliminary injunction but never obtains a final judgment, attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits. Id. ("If a claim is mooted, interim injunctive relief may be a basis for an award of attorney's fees, if plaintiff has prevailed on the merits at the interim stage."); see also Coalition for Basic Human Needs v. King, 691 F.2d 597, 601-02 (1st Cir.1982) (despite defendant's appeal having been dismissed as moot, plaintiff who obtains injunction pending appeal may be awarded attorney's fees if the court order determines substantial rights of parties). Fees are not warranted, however, if the court has not based its decision to award interim relief on the merits. Christopher P., 915 F.2d at 804-05 (plaintiffs who obtained a temporary restraining order are not a "prevailing party" where court did not base temporary restraining order on merits of the case).
 
 
 30
 A determination of whether a court's action is governed by its assessment of the merits "requires close analysis of the decisional circumstances and reasoning underlying the grant of preliminary relief." LaRouche, 20 F.3d at 72 (internal quotation omitted). If an injunction is not clearly based on the merits, a court should not resolve the uncertainty in favor of a finding that plaintiff prevailed. Id. at 75. In this case, we have little trouble finding that the district court based the preliminary injunction on the merits of plaintiffs' Contract Clause claim.
 
 
 31
 Presented with the request for a preliminary injunction, the district court required that "there must be a strong showing of irreparable harm and a likelihood of success on the merits." Haley, 883 F.Supp. at 823. The court noted that "[m]andatory injunctions are not granted in doubtful cases in which the facts and law do not clearly favor the moving party." Id. (internal quotation omitted). Based on this strict standard, the district court stated that it had "little difficulty in finding that the plaintiffs have established a showing of likelihood of success on their claim under the Contract Clause." Id. at 825. The district court held that "plaintiffs have shown a likelihood of success on the merits of their Contract Clause claim, for the Contract Clause is especially vigilant" in this case. Id. (internal quotation omitted).
 
 
 32
 Defendants argue that the district court's injunction was not decided on the merits but was instead simply a negative preliminary injunction which merely preserved the status quo. Defendants contend that, because a negative preliminary injunction only requires a finding of irreparable harm, the district court never decided the merits of the plaintiffs' case. However, whether or not the district court's injunction should be considered a negative or mandatory injunction, the district court's decision to issue the injunction was clearly based on the likelihood of the plaintiff's success on the merits. Therefore, we reject this argument.
 
 
 33
 Defendants also argue that, where an appeal by a party enjoined is dismissed as moot, it is inherently unfair to award attorney's fees to the plaintiff when the party enjoined has been deprived the right to appellate review. However, "[a] determination of mootness neither precludes nor is precluded by an award of attorneys' fees." LaRouche, 20 F.3d at 75 (internal quotation omitted); see also Coalition for Basic Human Needs, 691 F.2d at 598-602. If it is clear that the district court has had the opportunity to render a ruling on the merits of the claim, then a court may award attorney's fees if it finds that plaintiff is a "prevailing party."
 
 
 34
 In this case, we believe that plaintiffs' interim relief was clearly based on the merits of plaintiffs' claim and that, therefore, the district court did not abuse its discretion in determining that plaintiffs are a "prevailing party" for the purposes of section 1988.
 
 C.
 
 35
 Defendants' final argument is that the district court erroneously failed to address the reasonableness of the hours expended by plaintiffs' attorneys. Defendants contend that, although they objected to a portion of plaintiffs' fee request, the district court did not address the reasonableness of that request. However, the record shows that the district court adequately addressed the issue of the reasonableness of the fee request and did not abuse its discretion in determining plaintiffs' award.
 
 
 36
 "[T]he district court has the best vantage point from which to assess the skill of the attorneys and the amount of time reasonably needed to litigate a case. Therefore, its calculation of attorney's fees will not be disturbed absent an abuse of discretion." Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1057-58 (2d Cir.1989); see also Pierce v. Underwood, 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988).
 
 
 37
 The district court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir.1994) (per curiam). However, "[t]he task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Id.
 
 
 38
 A review of the record does not lead us to conclude that "the review conducted by the [district court] was erroneous, or lacking in care." Id. When determining the award for attorney's fees, the district court noted that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Haley, 901 F.Supp. at 89 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). The district judge had before him 14 pages of time sheets detailing the hours spent by the plaintiffs' attorneys. In addition, the district court was aware of the defendants' objections to portions of those hours.
 
 
 39
 Based on this record, we cannot say that the district court abused its discretion in awarding the plaintiffs' requested attorney's fees.
 
 CONCLUSION
 
 40
 Therefore, the award of the district court is affirmed.
 
 
 
 [1]
 The court rejected plaintiffs' argument that the separation of powers claim or the other federal claims were likely to succeed on the merits. Id. at 825-26
 
 
 [2]
 While it is not clear that suits for violations of the Contract Clause may be brought under section 1983, see Carter v. Greenhow, 114 U.S. 317, 5 S.Ct. 928, 29 L.Ed. 202 (1885); Dennis v. Higgins, 498 U.S. 439, 451 n. 9, 111 S.Ct. 865, 872 n. 9, 112 L.Ed.2d 969 (1991), this issue was neither argued below nor on appeal. Therefore, we will not consider this issue at this time. Greene v. United States, 13 F.3d 577, 585-86 (2d Cir.1994) (court will not consider an issue which party failed to raise below, did not raise at oral argument, and discussed in only three pages of its brief)