■ GARY HAFNER, Appellant-Respondent, v COUNTY OF ONONDAGA et al., Respondents-Appellants. (Appeal No. 1.) [722 NYS2d 928] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—New Trial.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.

■ GARY HAFNER, Appellant-Respondent, v COUNTY OF ONONDAGA et al., Respondents-Appellants. (Appeal No. 2.) [723 NYS2d 574] —Amended order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly granted in part defendants' motion to set aside the jury verdict but erred in the amount of its reduction of the award of $500,000 for past pain and suffering (*see,* CPLR 5501 [c]). The jury awarded plaintiff those damages after finding in his favor on causes of action based on common-law false arrest and the violation of plaintiff's rights under 42 USC § 1983. Plaintiff sustained a torn rotator cuff during the course of the arrest. Although that injury had limited the ability of plaintiff to work as a farmer and continued to cause him pain, he was able to work without corrective surgery and was able to control his pain with aspirin. In our view, an award of $150,000 for plaintiff's past pain and suffering is the maximum amount the jury could have found as a matter of law (*see, O'Connor v Papertsian,* 309 NY 465, 473). We therefore modify the amended order by providing that a new trial is granted on damages for past pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past pain and suffering to $150,000, in which event the amended order is modified accordingly.

We agree with plaintiff that attorney's fees should have been awarded pursuant to 42 USC § 1988 (b) because plaintiff was a "prevailing party" within the meaning of that section. "The Supreme Court has held that 'to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim'" (*Haley v Pataki*, 106 F3d 478, 483, quoting *Farrar v Hobby*, 506 US 103, 111). The jury found that defendants had violated plaintiff's civil rights pursuant to 42 USC § 1983 and, contrary to the contention of defendants on their cross appeal, the court properly upheld the jury's verdict on liability. Thus, we further modify the amended order by granting plaintiff's motion for attorney's fees pursuant to 42 USC § 1988 (b), and we remit the matter to Supreme Court to determine the amount of reasonable attorney's fees to which plaintiff is entitled. We have considered plaintiff's remaining contentions and conclude that they are lacking in merit. (Appeals from Amended Order of Supreme Court, Onondaga County, Stone, J.—New Trial.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.