Carlos GARCIA, Bruce Merlo, and Lycelin Polanco, on their own behalf and on behalf of all those similarly situated, Plaintiffs,

v.

YONKERS SCHOOL DISTRICT, Angelo Petrone, Superintendent, and Rocco Massi, Principal, Defendants.

No. 04 Civ. 7351(SCR).

United States District Court,
S.D. New York.

June 17, 2007.

---

Michael Howard Sussman, Sussman Law Offices, Goshen, NY, for plaintiffs.

### DECISION AND ORDER

ROBINSON, District Judge.

### I. Procedural and factual background

On September 15, 2004, Carlos Garcia, Bruce Merlo, and Lycelin Polanco (collectively the "Plaintiffs") filed a Complaint on behalf of themselves and others similarly situated pursuant to 42 U.S.C. § 1983 against the Yonkers School District, Angelo Petrone, and Rocco Massi (collectively "Defendants") alleging violations of the First Amendment of the United States Constitution. Plaintiffs were part of a group of students who left the grounds of Gorton High School on September 10, 2004 and marched to Yonkers City Hall to protest budget cuts in the Yonkers public school system. As a result of their participation in this demonstration, Plaintiffs and others were suspended for five school days for leaving school grounds. Those suspensions began on September 14, 2004 and were scheduled to last through September 22, 2004. The Complaint sought temporary, preliminary, and permanent injunctive relief to prevent Defendants from "further implementing the suspensions imposed on Plaintiffs and those similarly situated." Compl. at 5–6.

Plaintiffs also filed on September 15 an Order to Show Cause for a temporary restraining order and preliminary injunction to prevent Defendants from suspending or otherwise disciplining Plaintiffs and other similarly situated students. That same day, after listening to arguments from both parties, this Court granted Plaintiffs' request for a temporary restraining order and preliminary injunction. A formal hearing on this matter was scheduled for September 22, but was adjourned when the Court received a letter from Defendants on September 21 indicating that they did not seek a hearing. In the ensuing weeks, Plaintiffs submitted a motion for entry of a permanent injunction, which Defendants opposed. This Court took no formal action on that motion.

Meanwhile, Plaintiffs were not subjected to any further disciplinary action by Defendants while they continued to be enrolled as students in the Yonkers public school system, and Defendants never sought appellate review of the preliminary injunction. According to Plaintiffs' counsel, the motion for permanent injunction was rendered moot in June 2006 when the last of the Plaintiffs affected by this action graduated from high school. Sussman Aff. at ¶ 2.

On December 7, 2006, Plaintiffs' counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988(b); Defendants opposed the motion, arguing that Plaintiffs here do not qualify as "prevailing parties" within the meaning of the statute. For the reasons discussed below, Plaintiffs' counsel's motion is GRANTED.

### II. Analysis

#### A. Issuance of injunction and adequacy of notice

As a threshold matter, the record reflects that this Court orally granted

both a temporary restraining order and a preliminary injunction at the conclusion of argument on September 15, 2004. The transcript of that proceeding plainly reflects this decision of the Court:

> THE COURT: "I'm going to grant the temporary restraining order. Here is what I will do. And preliminary injunction. I will sign it in a few moments."

Tr. at 37. Defendants' counsel cites to Fed.R.Civ.P. 65(a)(1) to argue that no preliminary injunction could have issued in this case because there was no "notice to the adverse party" as required by that Rule. The Second Circuit has held that the purpose of the notice requirement of Rule 65(a)(1) "is to give the opposing party a fair opportunity to oppose the motion for a preliminary injunction, and the court must allow that party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction." *Rosen v. Siegel,* 106 F.3d 28, 32 (2d Cir. 1997) (internal citations omitted). Given the circumstances of the instant case, we find that Defendants received adequate notice to allow a preliminary injunction to issue.

Defendants' counsel received a telephone call from the Court on September 15, 2004 requesting that he come to the courthouse for oral argument on the issue. Counsel's subsequent appearance for oral argument allowed him a fair opportunity to oppose the temporary restraining order and motion for a preliminary injunction at that time. Even though Defendants' counsel had not had extensive time to review Plaintiffs' brief set of papers, he appeared for the argument accompanied by named Defendants Petrone and Grassi, and presented an argument in support of Defendants' position. After this Court issued the preliminary injunction at the end of the argument, we scheduled a hearing one week later on September 22, at which point Defendants were to have an opportunity to present any additional evidence in support of their position.

Defendants' counsel was present in the courtroom when we ruled from the bench on the preliminary injunction, and consequently knew that a preliminary injunction had been issued; he made no application to set aside this Court's on-the-record grant of a preliminary injunction at the time. In their October 2004 briefing papers, Defendants argued that the Court should not enter a preliminary injunction, but made no mention of the fact that such an injunction had been included already as part of the September 15, 2004 order, and thus made no request to vacate that injunction pending the development of a more complete record. Plaintiffs, of course, did not question the validity of the preliminary injunction, and their October 15, 2004 filing certainly suggested that they believed a preliminary injunction was in place. Accordingly, as explicitly stated in the record of the September 15, 2004 oral argument, this Court issued a temporary restraining order as well as a preliminary injunction on that date.

### B. Availability of attorney's fees

■ Pursuant to 42 U.S.C. § 1988(b), where a civil rights plaintiff has sought to enforce his or her rights under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee." A civil rights plaintiff may be considered a "prevailing party" in cases where there is a "material alteration of the legal relationship of the parties," such as an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); *see Vacchio v. Ashcroft,* 404 F.3d 663, 673 (2d Cir.2005). The Second Circuit

has held, however, that circumstances where fee awards are appropriate are in no way limited to the two examples cited in *Buckhannon. See Pres. Coalition v. Fed. Transit Admin.*, 356 F.3d 444, 452 (2d Cir.2004).

■ For example, the Second Circuit does not "automatically require denial of attorney's fees when a party received a stay or preliminary injunction but never obtains final judgment." *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir.1997).[1] When a party receives a preliminary injunction but never obtains a final judgment, "attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessments of the merits." *Id.* Attorney's fees are not appropriate in situations where the court "has not based its decision to award interim relief on the merits." *Id. (citing Christopher P. v. Marcus*, 915 F.2d 794, 805 (2d Cir.1990)).

In *Haley*, the defendant complied with the preliminary injunction order once it was issued, and continued to do so until the relief for which the injunction was sought became moot with the passage of time. *Haley*, 106 F.3d at 480–81. In upholding the district court's award of attorney's fees, the Second Circuit concluded that "the district court's decision to issue the injunction was clearly based on the likelihood of the plaintiff's success on the merits." *Haley*, 106 F.3d at 483. In addition, a district court in this Circuit recently awarded attorney's fees to plaintiff's attorney where plaintiff "obtained preliminary injunctive relief that remained in place until the practice which plaintiff was challenging had expired because of the passage of time." *Olson v. Wing*, No. 02 Civ. 5873(NG)(CLP), 2007 WL 680783, **1–2,

2007 U.S. Dist. LEXIS 14882, *3–*4 (E.D.N.Y. Mar. 2, 2007).

■ This Court's award of a preliminary injunction to Plaintiffs on September 15, 2004 was based on the merits of the lawsuit, and therefore created a material alteration in the legal relationship of the parties to this case. During the September 15, 2004 oral argument, this Court engaged the parties in a substantive discussion of the legal and factual issues on which this case turned. At three separate points during the argument, the Court noted its view that Plaintiffs had suffered "irreparable harm" as a result of Defendants' actions here. Tr. at 21, 35–36. The Court further stated that "there is a likelihood of success on the underlying case" that the school intended to punish the particular kind of speech in which the Plaintiffs were engaged. Tr. at 36. Though no final judgment was ever issued here, it is clear from the September 15, 2004 proceedings that the Court's analysis of the application for interim relief resulted in an assessment of the merits of Plaintiffs' claim; as was the case in *Haley*, this level of consideration makes Plaintiffs' counsel eligible to receive fees and costs.

Defendants maintain that their decision not to impose any further discipline on Plaintiffs was a voluntary choice, rather than one compelled by the Court's September 15, 2004 ruling. Given the Court's earlier finding that the September 15, 2004 proceeding resulted in the issuance of a preliminary injunction, however, Defendants' argument must be rejected here. When a court issues a preliminary injunction prohibiting a party from taking further action, that party's decision to refrain from acting cannot later be interpreted as a voluntary choice. Here, as in *Haley* and

---

**1.** Though *Haley* pre-dates the Supreme Court's *Buckhannon* decision, the Second Circuit has reaffirmed the principles of *Haley* even in the post-*Buckhannon* landscape. *See, e.g., Vacchio*, 404 F.3d at 673.

426

*Olson,* Defendants complied with the preliminary injunction issued by the Court, and continued to do so until the passage of time rendered the injunction moot in 2006.[2] The issuance of the injunction, based on the merits of the action, constituted a judicially-sanctioned material alteration of the legal relationship between the parties; that Defendants proceeded to act in a manner consistent with this Court's order cannot be explained as a merely voluntary decision. Accordingly, Plaintiffs here must be considered "prevailing parties" within the meaning of 42 U.S.C. § 1988(b), and Plaintiffs' counsel is thus eligible to receive attorney's fees and costs. Plaintiffs' counsel's motion for fees and costs is hereby GRANTED.

### C. Amount of fees

■ As an initial matter, this Court notes that Defendants have made no objection in their opposition papers to Plaintiffs' counsel's proposed billing rate or to the number of hours Plaintiffs' counsel indicates he spent working on this matter. This Court believes that Plaintiffs' counsel's proposed hourly rate of $350 for substantive legal work and $175 for travel time is appropriate for an attorney who is highly qualified and experienced in civil rights litigation. Counsel's estimates of time spent on this matter—a total of 24.5 hours of substantive work and a total of 9.5 hours of travel time—are reasonable.

Attachment A of the instant motion for attorney's fees lists the dates of work, the work performed, and the hours expended by Plaintiffs' counsel on this matter. One entry on this document is for 6.25 hours of

substantive work and 2.5 hours for travel for "Court hearing on application for preliminary injunction" on September 22, 2004. As noted above, the Court adjourned the hearing that was originally scheduled for that date at the request of Defendants, and Plaintiffs' counsel therefore cannot be paid for the services listed for that day. According to this Court's review of Plaintiffs' counsel's fee calculations, however, the stated total of 24.5 hours of substantive work and 9.5 hours of travel time does not include the time listed for work performed on September 22— Plaintiffs' counsel apparently already subtracted that time, even though he left the time entry in his log of work performed on this case. Accordingly, there is no need to make any adjustment in Plaintiffs' counsel's fee and cost calculation from Attachment A. Defendants are directed to pay counsel's fees and costs in the amount of $10,487.50.

### III. Conclusion

Based on the foregoing, Plaintiffs' counsel's motion for attorney's fees and costs is GRANTED. Defendants are hereby ordered to pay Plaintiffs' counsel's fees and costs in the amount of $10,487.50.

The Clerk of the Court is directed to close this case.

*It is so ordered.*

---

**2.** Defendants note that they "refrained from imposing further discipline upon the students" but "did not expunge the offenses from the plaintiffs' disciplinary records." Thomas Aff. at ¶ 16. Thus, according to Defendants, Plaintiffs did not obtain all of the relief that they sought. This argument, however, is not

relevant as to whether Plaintiffs' counsel can recover fees here, as "to qualify as a prevailing party, a civil rights plaintiff must obtain *at least some* relief on the merits of his claim." *Haley,* 106 F.3d at 483 (citing *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)) (emphasis added).