13-75-cv
*R.G., T.G. v. Minisink Valley Cent. Sch. Dist.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of August, two thousand thirteen.

PRESENT:
>JOSÉ A. CABRANES,
>CHESTER J. STRAUB,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

R.G., on behalf of his minor son, M.G.; T.G., on behalf of her minor son, M.G.,

>*Plaintiffs-Appellants*,

K.K. and S.K., on behalf of their minor daughter, A.K.,

>*Intervenor-Plaintiff*,

>>>v.                                                             No. 13-75-cv

MINISINK VALLEY CENTRAL SCHOOL DISTRICT,

>*Defendant-Appellee*,

MARTHA MURRAY, Ed. D.,

>*Defendant*.

_____

**FOR PLAINTIFFS-APPELLANTS:**      Michael H. Sussman, Sussman & Watkins, Goshen, NY.

**FOR APPELLEE:**      Mark C. Rushfield, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Lisa Margaret Smith, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's December 21, 2012 order is **AFFIRMED**.

## BACKGROUND

On November 24, 2004, M.G., the son of plaintiffs-appellants R.G. and T.G. (jointly, "plaintiffs"), was suspended from his high school for one year for engaging in multiple incidents of sexual misconduct with two female students. Five days later, plaintiffs commenced a § 1983 action against defendant-appellant Minisink Valley Central School District ("School District") by filing an Order to Show Cause as to why a preliminary injunction should not issue and prevent the School District from suspending M.G. Plaintiffs simultaneously filed a Complaint, asserting that the School District violated their son's equal protection rights insofar as it suspended M.G. but did not punish the female students involved in these incidents.

On November 29, 2004, the late Judge Charles E. Brieant, Jr. entered plaintiffs' requested Order to Show Cause as well as a temporary restraining order prohibiting the School District from suspending M.G. until December 1, 2004—the date of the Order to Show Cause hearing. At the December 1, 2004 hearing, Judge Brieant orally granted the preliminary injunction. As Judge Brieant's basis for granting the preliminary injunction is relevant to this appeal, we briefly note some of the statements he made at the hearing.

In particular, Judge Brieant stated that "today the only issue before the Court is whether the provisional remedy of injunction should be granted . . . . If the Court grants the provisional remedy, that will simply allow M.G. to return to school until such time as the merits of his contentions are decided either administratively or in this court." Joint App'x 161. Judge Brieant also noted that it would make sense to "withhold[ ] any approach to the merits [of this case], something in the nature of abstention, unless and until the administrative proceedings are followed."[1] *Id.* at 166. Finally,

---

[1] Judge Brieant recognized that plaintiffs had not exhausted their state administrative remedies. Nevertheless, he relied on another district court decision, *Coleman v. Newburgh Enlarged City Sch. Dist.*, 319 F. Supp. 2d 446 (S.D.N.Y. 2004), for the proposition that a plaintiff could be awarded equitable relief pending resolution of the administrative proceedings based, at least in part, on the passage of time caused by the administrative process. We subsequently reversed the

even though Judge Brieant commented that "there do not seem to be any substantial issues of controverted fact which would require the taking of evidence at this stage . . . . As to the ultimate merits, of course, plenary trial would be necessary." *Id.* at 186.

After Judge Brieant granted the preliminary injunction, the School District filed a motion in our Court, seeking a stay of Judge Brieant's order. We denied that motion but remanded the cause to the District Court "with instructions to hold further proceedings on the merits of this case as expeditiously as possible." Dist. Ct. Dkt. No. 21. On April 6, 2005, the School District asked us to clarify what we meant by "further proceedings," and we stated that we contemplated "an evidentiary hearing on the motion for a preliminary injunction."

In response to our order, Judge Brieant held a conference on April 8, 2005. Although Judge Brieant had stayed the proceedings pending the resolution of any administrative review, he lifted that stay to comply with our Mandate "to hold further proceedings on the merits of this case as expeditiously as possible." Dist. Ct. Dkt. No. 21. At the conference, Judge Brieant also consolidated the evidentiary hearing on the preliminary injunction with the trial on the permanent injunction, pursuant to Federal Rule of Civil Procedure 65(a)(2), and set an expedited discovery schedule.

On June 24, 2005, the parties consented to proceeding before a magistrate judge for all purposes including trial. The consolidated evidentiary hearing and bench trial took place between August 29 and September 1, 2005 before Magistrate Judge Lisa Margaret Smith. At the conclusion of the proceedings, she reserved decision.[2]

Just under a year later, the School District filed a motion to dismiss the complaint as moot because M.G. had graduated from high school and had been admitted to college. Magistrate Judge Smith dismissed the complaint as moot on August 15, 2008. Less than two weeks later, on September 11, 2008, plaintiffs' counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 1988, asserting that plaintiffs were the "prevailing parties" inasmuch as the issuance of the preliminary injunction allowed them to achieve their litigation objective, which was preventing M.G. from being suspended.

Magistrate Judge Smith denied plaintiffs' motion on December 21, 2011, concluding that plaintiffs were not "prevailing parties" within the meaning of 42 U.S.C. § 1988 because Judge

---

District Court's judgment in *Coleman.* *See Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007) ("In sum, while Coleman had a right not to be removed from NFA based on an erroneous determination of no manifestation, he had no right to reinstatement while that [administrative] determination was being reviewed.").

[2] On the last day of trial, plaintiffs sought to amend their Complaint by adding a gender discrimination claim and a procedural due process claim. Magistrate Judge Smith orally granted plaintiffs leave to amend their Complaint with regard to the gender discrimination claim but reserved decision with regard to the procedural due process claim.

Brieant's order granting the preliminary injunction was not "'governed by [an] assessment of the merits [of plaintiffs' claim].'" Special App'x 13 (quoting *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997)). This appeal followed.

## DISCUSSION

We review a district court's decision on whether or not to grant attorney's fees for abuse of discretion. *See, e.g.*, *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (internal citation and quotation marks omitted)). Whether a party is a "prevailing party" within the meaning of 42 U.S.C. § 1988, however, is a question of law, which we review *de novo*. *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006).

Under § 1988(b), when a party succeeds on a § 1983 claim, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "When a party receives a stay or preliminary injunction but never obtains a final judgment, attorney's fees are proper if the court's action in granting the preliminary injunction is governed by its assessment of the merits." *Haley*, 106 F.3d at 483. "To determine whether a court's action is governed by its assessment of the merits or represents a mere procedural maintenance of the status quo often requires close analysis of the decisional circumstances and reasoning underlying the grant of preliminary relief." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994) (internal quotation marks omitted).

After a review of the record, we conclude that Magistrate Judge Smith correctly concluded that Judge Brieant's order granting a preliminary injunction in favor of M.G. was not "governed by its assessment of the merits." *Haley*, 106 F.3d at 483. This conclusion is supported by our decision in *Christoper P. by Norma P. v. Marcus*, 915 F.2d 794 (2d Cir. 1990). In that case, we held that the plaintiffs were not "prevailing parties" even though "they obtained a temporary restraining order and a brief extension of that order requiring the defendants to readmit [their son] to the [school]" because "the procurement of a TRO in which the court does not address the merits of the case but simply preserves the status quo to avoid irreparable harm to the plaintiff is not by itself sufficient to give a plaintiff prevailing party status." *Id.* at 805 (citing *Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir. 1979), and *Smith v. Thomas*, 687 F.2d 113, 115 (5th Cir. 1982)).

As in *Christopher P.*, the transcript of the December 1, 2004 preliminary injunction hearing demonstrates that Judge Brieant's decision was motivated "by his concern for the irreparable harm the suspension would cause to M.G. while he exhausted administrative remedies, and not by his consideration of the merits of Plaintiffs' claims." Special App'x 16; *see also* Background, *ante*.

Moreover, it is clear that the preliminary injunction proceedings were "necessarily hasty and abbreviated" and "allowed no time for discovery, nor for adequate review of documents or preparation and presentation of witnesses." *Sole v. Wyner*, 551 U.S. 74, 84 (2007) (refusing to award fees where plaintiffs obtained a preliminary injunction which was vacated by a final decision on the merits). Although Judge Brieant commented that "there do not seem to be any substantial issues of controverted fact which would require the taking of evidence at this stage," he also noted that "[a]s to the ultimate merits, of course, plenary trial would be necessary."[3] Joint App'x 186; *see also Christopher P.*, 915 F.2d at 805 ("The court granted the TRO, without addressing the merits which neither side briefed, solely to preserve the status quo . . . ."). In sum, the record supports Magistrate Judge Smith's conclusion that Judge Brieant's order granting plaintiffs' motion for a preliminary injunction was not "governed by its assessment of the merits." *Haley*, 106 F.3d at 483.

In any event, whether Judge Brieant's order granting the preliminary injunction was an assessment of the merits of the action is, at most, uncertain. In such circumstances, we have instructed that "a court should not resolve the uncertainty in favor of a finding that plaintiff prevailed." *LaRouche*, 20 F.3d at 75.

## CONCLUSION

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. For the reasons stated, we **AFFIRM** the District Court's December 21, 2012 order, which denied plaintiffs' motion for attorney's fees pursuant to 42 U.S.C. § 1988(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Although Judge Brieant did not think that "substantial issues of controverted fact" existed, Special App'x 6, in response to the School District's motion for a stay, we remanded the matter to the District Court with instructions to conduct an "evidentiary hearing on the motion for a preliminary injunction," *id.* at 17.

5