21-1275
*Lamberty v. Connecticut State Police Union*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,

———————————————————————

MARC LAMBERTY, JOSEPH MERCER, CARSON KONOW, COLLIN KONOW,

> *Plaintiffs-Appellants*,

v.                                                                No. 21-1275

CONNECTICUT STATE POLICE UNION, NATALIE BRASWELL, Comptroller, State of Connecticut, MELISSA MCCAW, Secretary of the Office of Policy and Management, State of Connecticut, SANDRA FAE BROWN-BREWTON, Undersecretary of Labor

Relations for the Office of Labor Relations,
State of Connecticut,

<em>Defendants-Appellees.</em>*

_____

FOR APPELLANTS:             W. JAMES YOUNG, National Right to Work
                            Legal Defense Foundation, Inc.,
                            Springfield, VA.

FOR APPELLEES:              TODD D. STEIGMAN, Madsen, Prestley &
                            Parenteau, LLC, Hartford, CT *for*
                            Connecticut State Police Union.

                            WILLIAM TONG (Clare Kindall, Solicitor
                            General, and Richard T. Sponzo, Assistant
                            Attorney General, *on the brief*), Attorney
                            General for the State of Connecticut, *for*
                            State Defendants-Appellees.

Appeal from the United States District Court for the District of Connecticut
(Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiffs-Appellants, current and former Connecticut state troopers, appeal from an order of judgment entered in the District of Connecticut (Bolden, *J.*) dismissing their case as moot and denying their petition for attorneys'

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

fees.    Marc Lamberty, Joseph Mercer, Carson Konow, and Collin Konow (collectively, the "Troopers") filed suit in 2015 against the Connecticut State Police Union (the "Union") and various state officials (the "State Defendants"),[1] alleging that the Union violated their First and Fourteenth Amendment rights by deducting union fees from their pay even after they withdrew from union membership. While the lawsuit was pending, the Supreme Court decided *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), in which the Court – overturning forty years of precedent – held that the First Amendment prohibited public employers from withholding union fees from nonmembers.    Following the *Janus* ruling, the Union stopped collecting agency fees and refunded the fees it had collected pre-*Janus*, plus interest, to the Troopers. In light of *Janus* and the Union's subsequent actions, the district court dismissed

---

[1] The State Defendants named in the Second Amended Complaint – Kevin Lembo (State Comptroller), Benjamin Barnes (Secretary of the Office of Policy and Management), Lisa Grasso Egan (Undersecretary of Labor Relations for the Office of Labor Relations), and Sandra Fae Brown-Brewton (Assistant Director for the Office of Labor Relations) – were sued in their official capacities, but no longer hold those offices.   The current officeholders are now Natalie Braswell (State Comptroller), Melissa McCaw (Secretary of the Office of Policy and Management), and Sandra Fae Brown-Brewton (Undersecretary of Labor Relations for the Office of Labor Relations); these officeholders have been automatically substituted as defendants.   *See* Fed. R. App. P. 43(c)(2).   After Brown-Brewton left her previous position as the Assistant Director for the Office of Labor Relations to replace Grasso Egan as Undersecretary, the district court omitted the Assistant Director office from the caption, and it is unclear whether the office still exists.   *See* 3:15-cv-00378-VAB, Dkt. No. 181.   For the purposes of this appeal, we will defer to the district court and the parties in listing only three state offices (and corresponding officeholders.)

3

the Troopers' complaint as moot. It also denied the Troopers' request for attorneys' fees pursuant to 42 U.S.C. § 1988(b), concluding that the Troopers were not "prevailing parties" under the statute. The court therefore entered judgment in favor of Defendants, and the Troopers appealed.[2] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I. Mootness

We review de novo questions of standing and mootness. *Comer v. Cisneros*, 37 F.3d 775, 787 (2d Cir. 1994). "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). The standard for determining whether a defendant's voluntary conduct moots a case is therefore "stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (internal

---

[2] This is the Troopers' second appeal to this Court. We dismissed their first appeal for lack of jurisdiction because there had been no final, appealable order entered in the district court. *See Lamberty v. Conn. State Police Union*, 828 F. App'x 49 (2d Cir. 2020).

4

citation omitted). The "heavy burden of persua[sion]" rests with the party asserting mootness. *Id.* (internal quotation marks omitted).

Here, Defendants have satisfied their "formidable burden" of showing that the collection of unlawful agency fees "could not reasonably be expected to recur." *Id.* at 190. Prior to the *Janus* ruling, Defendants' collection of agency fees from nonmembers was permitted under longstanding Supreme Court precedent. *See Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977). But in *Janus*, the Supreme Court overturned *Abood* and unequivocally declared that "[s]tates and public-sector unions may no longer extract agency fees from nonconsenting employees." 138 S. Ct. at 2486. Following that decision, Defendants immediately announced that they would stop collecting agency fees and then fully refunded the Troopers' pre-*Janus* fees with interest. They have not tried to collect agency fees in the several years since *Janus* was decided, and there is no indication they ever will. *See Pool v. City of Houston*, 978 F.3d 307, 312 (5th Cir. 2020) ("Without any indication that the government is planning to enforce a law after a similar one has been held unconstitutional in a binding decision, there would be no objective fear of

continued enforcement."). Indeed, to do so would be to defy the Supreme Court's clear holding in *Janus*.[3]

Perhaps not surprisingly, several of our sister circuits have dismissed similar cases based on mootness (or related standing grounds) following *Janus*. *See Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 307 (3d Cir. 2020) (concluding that case was moot because, in light of *Janus* and the union's subsequent cessation of the collection of agency fees, "there is no reasonable likelihood that the unions will seek to collect agency fees in the future"); *Hamidi v. Serv. Emps. Int'l Union, Loc. 1000*, No. 19-17442, 2021 WL 4958855, at *1 (9th Cir. Oct. 26, 2021) (same); *see also Seidemann v. Pro. Staff Cong. Loc. 2334*, 842 F. App'x 655, 658 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 104 (2021) (dismissing suit filed after *Janus* for lack of standing, concluding that the plaintiffs had failed to allege any facts "that could lead us to

---

[3] This is not a case, then, where a party altered its conduct merely because it was haled into court. For this reason, the Troopers' reliance on *Tandon v. Newsom*, 141 S. Ct. 1294 (2021), is misplaced. There, the Supreme Court concluded that a case challenging California's COVID-19 restrictions on at-home religious gatherings was not mooted by California's cessation of the challenged policy, because it was changed shortly after the plaintiffs' application for emergency relief was filed, and the officials – who had "a track record of 'moving the goalposts'" – were free to reinstate the heightened restrictions at any time. *Tandon*, 141 S. Ct. at 1297. Here, in contrast, Defendants remain no freer to revert to their old ways than to break any other federal law, and the Troopers point to nothing supporting their assertion that Defendants' post-*Janus* policy could simply "change with the tides." Troopers' Br. at 23.

conclude that there is any risk (much less a substantial one) that Defendants will attempt to collect agency shop fees in the future").

The Troopers attempt to evade this mootness hurdle by arguing that the Connecticut statute authorizing the collection of agency fees remains in force, requiring the issuance of a declaration that the statute is unconstitutional. But this argument too is unavailing, since the parties all acknowledge that the statute is unenforceable in light of *Janus*, rendering a declaratory judgment unnecessary. *See Hartnett*, 963 F.3d at 308 (explaining that, because there was no disagreement over the law and no continuing injury to the nonmembers, "any declaratory judgment would be an advisory opinion"); *Hamidi*, 2021 WL 4958855, at *2 ("Unconstitutional statutes, without more, give no one a right to sue."); *Seidemann*, 842 F. App'x at 658 (plaintiffs lacked standing to seek declaration that New York's fair-share fee statute is unconstitutional since there were no allegations supporting threat of continued enforcement). The district court therefore properly dismissed the Troopers' claims – including their claim for prospective declaratory relief – as moot.[4]

---

[4] Because we conclude that the case was properly dismissed as moot, we need not address the district court's rulings as to whether the claims were also barred by the Eleventh Amendment or good-faith immunity under *Wholean v. CSEA SEIU Local 2001*, 955 F.3d 332 (2d Cir. 2020).

## II.    Attorneys' Fees

Independent of their challenge to the district court's dismissal on mootness grounds, the Troopers also argue that the district court erred in denying their request for attorneys' fees.    Section 1988(b) permits reasonable attorneys' fees and costs to be awarded to the "prevailing party" in an action brought under 42 U.S.C. § 1983.    *See* 42 U.S.C. § 1988(b); *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009).    The question of whether a litigant is a prevailing party is reviewed de novo.    *Perez v. Westchester City Dep't of Corr.*, 587 F.3d 143, 149 (2d Cir. 2009).

Under section 1988, plaintiffs are "prevailing parties," and thus eligible for attorneys' fees, only if (1) "they achieve some material alteration of the legal relationship between them and their adversaries," *and* (2) "that change bears a 'judicial imprimatur.'"    *Id.* (internal quotation marks omitted); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) (explaining that "enforceable judgments on the merits" and "settlement agreements enforced through a consent decree" entail sufficient judicial sanction to confer prevailing party status).    "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the

lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605.

It is undisputed that, over the course of the litigation, the Troopers never obtained a judgment on the merits, interim relief, or a final settlement agreement. The Troopers nonetheless argue that they are prevailing parties because Defendants' decision to refund the pre-*Janus* fees was not – as the district court found – a "unilateral" decision, but instead was the result of the parties' settlement negotiations. The Troopers point primarily to evidence that the Union's calculations of the refunds paid to the Troopers included interest at the rate proposed by the Troopers at the settlement conference.[5]

But even if this evidence showed that Defendants' decision to refund the pre-*Janus* fees was due to a negotiated agreement between the parties, the Troopers have still failed to show that the agreement bears sufficient "judicial imprimatur" to confer prevailing party status. *Buckhannon*, 532 U.S. at 605 (emphasis omitted). Private settlement agreements "do not entail the judicial

---

[5] The district court declined to consider this settlement negotiation evidence, concluding that it was barred by Federal Rule of Evidence 408, which prohibits evidence of settlement discussions offered "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" Fed. R. Evid. 408(a). This evidentiary issue is ultimately irrelevant because, even if the Court were to consider the interest rate evidence, the Troopers still would not be prevailing parties under section 1988(b).

9

approval and oversight involved in consent decrees." *Id.* at 604 n.7; *see also*

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) (holding that,

absent an express retention of jurisdiction, federal courts lack jurisdiction to

enforce private settlement agreements). We have therefore held that a private

settlement agreement conferred prevailing party status on the plaintiffs only

where there the district court judicially sanctioned the settlement – such as by

expressly retaining jurisdiction over its enforcement, *Roberson v. Giuliani*, 346 F.3d

75, 80–83 (2d Cir. 2003), or incorporating the settlement terms into its order of

dismissal, *Perez*, 587 F.3d at 152. In those situations, the district court "necessarily

made compliance with the terms of the agreement a part of its order so that a

breach of the agreement would be a violation of the order." *Roberson*, 346 F.3d at

82 (internal quotation marks omitted); *see also Perez*, 587 F.3d at 152 (finding

sufficient judicial imprimatur where the parties' settlement agreement was not

only incorporated in the court's order of dismissal but was also "only made

operative by the Court's review and approval"); *Torres v. Walker*, 356 F.3d 238, 244

n.6 (2d Cir. 2004) ("[T]he Court's restrictive language in *Buckhannon* requires not

only the physical incorporation of the settlement in a district court's order but also

some evidence that a district court intended to place its 'judicial imprimatur' on the settlement.")

Here, there is nothing to suggest that the district court retained jurisdiction to enforce any agreement between the parties. The Troopers insist that the district court judicially sanctioned a change in the parties' relationship when it denied the Troopers' motion for summary judgment "without prejudice to renewal in the event there is an effort to reintroduce agency fees and to the extent the Plaintiffs have not been adequately reimbursed for past agency fees already imposed." App'x at 316. But that language falls far short of an express retention of jurisdiction to enforce a settlement agreement. Its purpose was simply to account for the unlikely possibility that the Union would resume collection of agency fees, and the district court thus merely "preserve[d] a federal forum in which the parties could adjudicate disputes." *Roberson*, 346 F.3d at 83. Such action lacks the "judicial approval and oversight" characteristic of consent decrees and is therefore insufficient to confer prevailing party status on the Troopers. *See Buckhannon*, 532 U.S. at 604 n.7; *see also Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002) ("Where a court merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a dispute before it,

11

the terms of the agreement are not made part of the order and consequently will not serve as a basis of jurisdiction.")

The Troopers also argue that they are entitled to attorneys' fees because the district court participated in the parties' settlement negotiations and told the parties it would adjudicate the issue of attorneys' fees if they failed to reach an agreement. The district court's participation in settlement negotiations, however, is not enough to obtain prevailing party status, particularly where, as here, there is no indication that the court reviewed the terms of the agreement or incorporated the terms into an order of the court. *See Lopez v. City of Dallas*, 328 F. App'x 944, 945–46 (5th Cir. 2009) (concluding that a "district court's participation in a telephone conference that resulted in settlement . . . was not enough" to confer prevailing party status). Moreover, the judge's statement that "he is not averse to deciding the attorneys' fee question, *if necessary*," plainly did not amount to a determination that the Troopers were entitled to fees. App'x at 458 (emphasis added). Once the Troopers moved for attorneys' fees under section 1988(b), the court was free – indeed, required – to decide whether they were prevailing parties before awarding fees. Having determined that they were not, the district court can hardly be said to have placed its judicial imprimatur on a settlement.

12

Thus, while the Troopers are correct that a finding of mootness does not preclude the award of attorneys' fees, s*ee Haley v. Pataki*, 106 F.3d 478, 483–84 (2d Cir. 1997) (explaining that, even where claim is mooted, interim injunctive relief on the merits could justify attorneys' fees), they have nonetheless failed to show that they secured a judicially sanctioned change in the parties' relationship.  We therefore conclude that the district court did not err in determining that the Troopers were not prevailing parties entitled to attorneys' fees under section 1988(b).

### III.    Conclusion

We have considered the Troopers' remaining arguments and find them to be meritless.   Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13