**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2144**

YASMIN REYAZUDDIN,

Plaintiff − Appellant,

v.

MONTGOMERY COUNTY, MARYLAND,

Defendant – Appellee.

------------------------------

THE disABILITY LAW CENTER OF VIRGINIA; DISABILITY RIGHTS MARYLAND; DISABILITY RIGHTS OF WEST VIRGINIA; PROTECTION AND ADVOCACY FOR PEOPLE WITH DISABILITIES, INC. OF SOUTH CAROLINA; DISABILITY RIGHTS NORTH CAROLINA,

Amici Supporting Appellant.

INTERNATIONAL MUNICIPAL LAWYERS ASSOCIATION,

Amicus Supporting Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:11-cv-00951-DKC)

Argued:  December 8, 2020                    Decided:  February 24, 2021
                        Amended:  August 5, 2021

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

Vacated and remanded by published opinion. Judge Diaz wrote the opinion, in which Judge Thacker and Judge Harris joined.

———————————

**ARGUED:** Kevin Douglas Docherty, BROWN GOLDSTEIN & LEVY, LLP, Baltimore, Maryland, for Appellant. Patricia Lisehora Kane, OFFICE OF THE COUNTY ATTORNEY, Rockville, Maryland, for Appellee. **ON BRIEF:** Joseph B. Espo, BROWN GOLDSTEIN & LEVY, LLP, Baltimore, Maryland; Timothy Elder, Albert Elia, TRE LEGAL PRACTICE, Fremont, California, for Appellant. Marc P. Hansen, County Attorney, John P. Markovs, Deputy County Attorney, Edward B. Lattner, Chief, Division of Human Resources and Appeals, Patricia Victoria Haggerty, Associate County Attorney, Erin J. Ashbarry, Associate County Attorney, OFFICE OF THE COUNTY ATTORNEY, Rockville, Maryland, for Appellee. Steven M. Traubert, Zachary Devore, Kalena C. M. Ek, disABILITY LAW CENTER OF VIRGINIA, Richmond, Virginia, for Amici The disAbility Law Center of Virginia, Disability Rights Maryland, Disability Rights of West Virginia, Protection and Advocacy for People with Disabilities, Inc. of South Carolina, and Disability Rights North Carolina. Daniel E. Peterson, Anthony A. Fox, PARKER POE ADAMS & BERNSTEIN LLP, Charlotte, North Carolina, for Amicus International Municipal Lawyers Association.

———————————

DIAZ, Circuit Judge:

Yasmin Reyazuddin appeals the district court's order denying her motion seeking to recover reasonable attorney's fees, costs, and expenses from Montgomery County, Maryland. The district court held that Reyazuddin isn't eligible for such an award because she's not a "prevailing party" under 29 U.S.C. § 794a(b). Because we disagree, we vacate the order and remand for further proceedings.

I.

A.

This case stems from Montgomery County's failure to reasonably accommodate Reyazuddin's disability (she is blind).[1] In 2009, the County consolidated its customer service employees into a single county-wide call center, referred to as "MC 311." At the time, Reyazuddin worked as a customer service representative in the County's health and human services department. When the new call center opened, the County didn't transfer Reyazuddin along with her colleagues because the software the County used at the center wasn't accessible to blind people. Instead, Reyazuddin was offered (and worked) several alternate jobs for the County. But she wanted to resume her customer service position at MC 311.

---

[1] For additional background, see this court's opinions in Reyazuddin's first and second appeals. *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 410–13 (4th Cir. 2015) ("*Reyazuddin I*"); *Reyazuddin v. Montgomery Cnty.*, 754 Fed. Appx. 186, 188–89 (4th Cir. 2018) ("*Reyazuddin II*").

3

B.

Reyazuddin sued the County, alleging that it failed to provide a reasonable accommodation for her disability. She brought claims under the Rehabilitation Act and the Americans with Disabilities Act (the "ADA"), seeking declaratory and injunctive relief as well as compensatory damages. The district court granted summary judgment to the County. In *Reyazuddin I*, we affirmed the district court's judgment with respect to Reyazuddin's ADA claim but remanded her Rehabilitation Act claim for trial.

A few months before trial, the County offered Reyazuddin a job at the Columbia Lighthouse for the Blind. Reyazuddin declined. The jury didn't hear about this job offer, as discovery closed before the County made the offer and Reyazuddin opted to confine her evidence at trial to events that occurred prior to receiving it.

The jury found that the County discriminated against Reyazuddin in violation of the Rehabilitation Act. Specifically, the jury found that (1) Reyazuddin is an individual with a disability; (2) the County had notice of Reyazuddin's disability; (3) Reyazuddin could perform the essential functions of a customer service representative with a reasonable accommodation either within or outside of MC 311; (4) the County failed to provide a reasonable accommodation; (5) the County's failure to transfer Reyazuddin to MC 311 was an adverse employment action; and (6) it wasn't an undue hardship for the County to make

MC 311 accessible for Reyazuddin. However, the jury awarded Reyazuddin $0 in compensatory damages.[2]

After trial, Reyazuddin moved for an order requiring the County to make MC 311 accessible and to transfer her there. The district court determined that it needed more information regarding what it would take for the County to upgrade MC 311's software and whether the Columbia Lighthouse for the Blind job offer constituted a reasonable accommodation such that the County wouldn't be required to transfer Reyazuddin to MC 311. Thus, the court denied Reyazuddin preliminary injunctive relief and ordered discovery on her equitable claims.

While discovery was ongoing, the County finally transferred Reyazuddin to MC 311. Reyazuddin modified her request for injunctive relief and, after a two-week evidentiary hearing, the district court found that the County had reasonably accommodated Reyazuddin and that its past discrimination was isolated and unlikely to recur. Thus, the district court denied Reyazuddin injunctive relief. It also declined to issue a declaratory judgment because doing so would have been superfluous to the jury's verdict. Finally, the court entered judgment in favor of Reyazuddin and against the County for her Rehabilitation Act claim "in the amount of $0.00 in compensatory damages." J.A. 131. We affirmed the district court's judgment in *Reyazuddin II*.

---

[2] Reyazuddin sought damages only for emotional distress. She didn't request economic or nominal damages.

Shortly thereafter, Reyazuddin moved for an award of reasonable attorney's fees, costs, and expenses. The district court subsequently granted a joint motion by the parties to bifurcate briefing for the court to determine two relevant questions separately: (1) whether Reyazuddin is a "prevailing party" (making her eligible for such an award) and, if she is, (2) how much the court should award Reyazuddin.

After the parties briefed the first question, the district court held that Reyazuddin isn't a "prevailing party" and denied Reyazuddin's motion on that basis. Reyazuddin timely appealed.

II.

The sole issue before us is whether Reyazuddin is a "prevailing party" under the Rehabilitation Act. The Act provides that "[i]n any action or proceeding to enforce or charge a violation" of a relevant provision, the district court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b).

The term "prevailing party" is a legal term of art that we interpret consistently across all federal fee-shifting statutes. *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 274 (4th Cir. 2002). We review de novo a district court's determination of whether someone is a "prevailing party." *McAfee v. Boczar*, 738 F.3d 81, 87–88 (4th Cir. 2013), *as amended* (Jan. 23, 2014).

Here, Reyazuddin won a jury verdict that found the County liable for discrimination and entitled Reyazuddin to equitable relief—at least until the County capitulated by

6

transferring her to MC 311. The district court nonetheless concluded that Reyazuddin isn't a prevailing party because she didn't obtain an "enforceable judgment" that materially altered the legal relationship between herself and the County. J.A. 139–143 (citing *Farrar v. Hobby*, 506 U.S. 103 (1992); *Hewitt v. Helms*, 482 U.S. 755 (1987)). Thus, the court reasoned that Reyazuddin is simply advancing the "catalyst theory" that the Supreme Court expressly rejected in *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). We disagree.

To begin, *Farrar*, *Hewitt*, and *Buckhannon* each involved very different facts than those at issue here. In *Farrar*, the Supreme Court considered "whether a civil rights plaintiff who receives a nominal damages award is a 'prevailing party' eligible to receive attorney's fees" and answered in the affirmative. 506 U.S. at 105. The *Hewitt* Court considered "whether a party who litigates to judgment and loses on all of his claims can nonetheless be a 'prevailing party' for purposes of an award of attorney's fees" and answered in the negative. 482 U.S. at 757, 759–60. And the *Buckhannon* Court considered "whether th[e] term ['prevailing party'] includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U.S. at 600. The Court again answered in the negative.[3] *Id.*

---

[3] The County also cites our decision in *McAfee*. But there, neither party disputed that the plaintiff was a prevailing party, as he had obtained both a jury verdict and a damages award. *McAfee*, 738 F.3d at 88.

We think this case is more like *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970). In fact, we think Reyazuddin is even more of a "prevailing party" than the *Parham* plaintiff was.

There, the plaintiff didn't prove his claim at trial; rather, in reversing the district court's dismissal in part, the Eighth Circuit "h[e]ld as a matter of law" that the defendant company had discriminated against black Americans in violation of Title VII. *Parham*, 433 F.2d at 427. But the court also affirmed the district court's denial of injunctive relief due to changes the company made to its hiring practices after the plaintiff sued. *Id.* at 429. Nonetheless, our sister circuit reasoned that the plaintiff's "lawsuit acted as a catalyst which prompted" the company to change its behavior and determined that the plaintiff had "prevailed in his contentions of racial discrimination against blacks generally" such that he was entitled to reasonable attorney's fees.[4] *Id.* at 429–30.

Despite this language, the *Buckhannon* majority expressly approved of the *Parham* decision, distinguishing it from the "catalyst theory" cases that *Buckhannon* overruled. 532 U.S. at 607 n.9. And Justice Scalia elaborated on that approval in disputing the dissent's suggestion that the majority's opinion "approves the practice of denying attorney's fees to a plaintiff with a proven claim of discrimination, simply because the very *merit* of his claim

---

[4] The *Parham* court also ordered the district court to "retain jurisdiction over the matter for a reasonable period of time to insure the continued implementation of the [defendant company's] policy of equal employment opportunities." *Id.* at 429. But we don't think the mere threat of future injunctive relief (via retained jurisdiction) was any more of an "enforceable judgment" than Reyazuddin's jury verdict and subsequent judgment in her favor. If the County were to return to its discriminatory ways, Reyazuddin could reinvoke the district court's jurisdiction simply by filing a new lawsuit.

led the defendant to capitulate before judgment." *Id.* at 616 (Scalia, J., concurring). "To the contrary," Justice Scalia clarified, "the Court *approves* the result in [*Parham*], where attorney's fees were awarded after a finding that the defendant had acted unlawfully." *Id.* (cleaned up).

This reasoning supports our holding here. Reyazuddin isn't a prevailing party because she catalyzed the County to change its behavior by filing a lawsuit; rather, she's a prevailing party because she *proved* her claim to a jury before the County capitulated by transferring her to MC 311. And that transfer was key to the district court's subsequent finding that the County reasonably accommodated Reyazuddin and, thus, the court's ultimate denial of Reyazuddin's request for equitable relief.

We note that our holding today is narrow. Had the County transferred Reyazuddin to MC 311 before she proved that its refusal to do so amounted to discrimination, this would be a classic catalyst theory case. Likewise, had Reyazuddin sought only damages against the County, her failure to obtain any would mean she wasn't a prevailing party. But it would be unjust to hold that Reyazuddin didn't prevail simply because the County's timely capitulation rendered unnecessary equitable relief that Reyazuddin would have otherwise been entitled to.[5]

---

[5] We express no opinion on what amount (if any) Reyazuddin is entitled to in attorney's fees. That question is for the district court to determine in the first instance.

9

\*     \*     \*

Accordingly, we vacate the district court's order denying Reyazuddin's motion and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*