**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1209**

KENNETH GRABARCZYK,

Plaintiff – Appellee,

v.

JOSHUA STEIN, Attorney General of the State of North Carolina in his official capacity; BOB SCHURMEIER, Director of the North Carolina State Bureau of Investigation in his official capacity; and SEAN BOONE, District Attorney of Alamance County, North Carolina in his official capacity,

Defendants – Appellants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:19-cv-00048-BO)

Argued: December 7, 2021                    Decided: April 26, 2022

Before KING, THACKER, and HARRIS, Circuit Judges.

Affirmed by published opinion. Judge Harris wrote the opinion, in which Judge King and Judge Thacker joined.

**ARGUED:** Joseph Finarelli, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellants. Paul Moore Dubbeling, P.M. DUBBELING, PLLC, Chapel Hill, North Carolina, for Appellee. **ON BRIEF:** Joshua H. Stein, Attorney General, Tamika L. Henderson, Special Deputy Attorney General, Bryan G. Nichols,

Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellants.

———————

PAMELA HARRIS, Circuit Judge:

At issue in this appeal is an award of attorney's fees to plaintiff Kenneth Grabarczyk. Grabarczyk prevailed before the district court on his § 1983 claim that North Carolina's sex-offender registration system deprived him of procedural due process. That judgment, however, was vacated and his case dismissed as moot after the legislature, because of the district court's ruling, amended its statute to provide procedural protections to offenders like Grabarczyk.

When Grabarczyk sought attorney's fees pursuant to 42 U.S.C. § 1988, the defendant state officials objected, arguing that Grabarczyk could not be a "prevailing party" under § 1988 because the judgment in his favor had been vacated. The district court took a different view: Because the legislative change mooting his case came both after and in response to an award of judicial relief, the court held, Grabarczyk remained a prevailing party entitled to attorney's fees. We agree and affirm the district court's fee award.

## I.

Grabarczyk is a resident of North Carolina who was required to register on the North Carolina sex-offender registry because he was convicted in Wisconsin of a qualifying sex crime. In February 2019, he filed a putative class action under 42 U.S.C. § 1983 in the Eastern District of North Carolina, challenging the constitutionality of the State's registration scheme. State law mandated registration for individuals convicted of an out-of-state offense "substantially similar" to a North Carolina offense requiring registration, *see* N.C. Gen. Stat. § 14-208.6(4)(b) (2005), with what counts as "substantially similar"

3

determined by local officials on an ad hoc basis. Because the system provided neither an opportunity to be heard prior to such decisions nor any form of post-decision review, Grabarczyk argued, it violated the procedural due process rights of class members, all of whom were forced to register solely on the basis of these unilateral determinations. He named as defendants, in their official capacities, the Attorney General of North Carolina, the Director of the State Bureau of Investigation, and the District Attorney for his county.

After certifying the class, the district court awarded summary judgment to Grabarczyk and ordered all the declaratory and injunctive relief he sought. *Grabarczyk v. Stein*, No. 5:19-cv-48, 2020 WL 2441418, at *5–6 (E.D.N.C. May 12, 2020).[1] Specifically, the court declared that North Carolina had violated class members' Fourteenth Amendment due process rights, ordered that class members be removed from the state registry, and enjoined the defendants from prosecuting class members for offenses applicable only to registered sex offenders. *Id.* The defendants filed a notice of appeal on June 9, 2020.

A few weeks later, while the appeal was pending, the North Carolina General Assembly responded to the district court's decision with an amendment providing for judicial review of "substantially similar" determinations. 2020 N.C. Sess. Laws 83, § 11.5(a). By express reference to this lawsuit, the legislation also established a special

---

[1] In an earlier decision, the district court dismissed Grabarczyk's claim for damages on immunity grounds. *Grabarczyk v. Stein*, No. 5:19-cv-48, 2019 WL 4235356, at *3–4 (E.D.N.C. Sept. 5, 2019).

procedure for review of the *Grabarczyk* class members' prior substantial similarity determinations. *Id.* § 11.5(c).[2]

After the new law became effective, the defendants moved this court to vacate the district court's summary judgment order and remand the case to the district court. The parties agreed, the defendants explained, that because of the legislature's action, the due process claim raised and decided in the district court had become moot on appeal. We granted the motion, vacating the district court's order and remanding for further proceedings as deemed necessary by that court. Order, *Grabarczyk v. Stein*, No. 20-1647 (4th Cir. Aug. 14, 2020), ECF No. 22-1; *see Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 589 (4th Cir. 2016) (describing our "customary practice" of vacating a district court judgment when a case is rendered moot on appeal).

On remand, the district court first addressed Grabarczyk's continued challenge to North Carolina's registration scheme, which in Grabarczyk's view still failed to provide adequate process. That "residual claim," the district court concluded, was properly raised not through an amended complaint but in a new action. *See* J.A. 116–17 (quoting *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020)). Accordingly, the district court dismissed the original case as moot, specifying that its dismissal was without prejudice to a new lawsuit by Grabarczyk.

---

[2] Grabarczyk received a hearing in accordance with the new procedure, at which a judge determined that he should not have been required to register. As a result, Grabarczyk is no longer on the North Carolina sex-offender registry.

At that point, with the status of his case fully resolved, Grabarczyk filed the motion giving rise to this appeal: a request for attorney's fees under 42 U.S.C. § 1988, which permits fee awards to a "prevailing party" in a § 1983 action. Given the judgment entered in his favor, Grabarczyk argued, he plainly qualified as a "prevailing party." Nor, Grabarczyk contended, did the legislative amendment that mooted his case negate that result; because the amendment came after and in response to the judgment, it was the judgment itself, and not some voluntary action by the State, that changed the parties' legal relationship. The state defendants disagreed, arguing that a vacated judgment, no longer enforceable, cannot make a plaintiff a "prevailing party" under § 1988.

The district court agreed with Grabarczyk and granted his motion for attorney's fees. *Grabarczyk v. Stein*, No. 5:19-cv-48, 2021 WL 308600, at *3 (E.D.N.C. Jan. 29, 2021). As the court explained, "[t]he prevailing party is the party to whom some relief has been awarded by the court." *Id.* at *1 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)). If – as in *Buckhannon* – a challenged state law is repealed and the plaintiffs' case dismissed as moot *before* entry of a court judgment, then the plaintiffs cannot be deemed to have "prevailed": The plaintiffs may have achieved their goals, but the State's voluntary action lacks "the necessary judicial imprimatur to convey prevailing party status." *Id.* at *2 (citing *Buckhannon*, 532 U.S. at 605). In contrast, the court held, "where a legislative change mooting the case is made *after* the entry of summary judgment and *because* of the judicial ruling," that change carries the requisite "judicial imprimatur" and fees are appropriate under § 1988. *Id.* (citing *Palmetto Props., Inc. v. Cnty. of DuPage*, 375 F.3d 542 (7th Cir. 2004) (affirming fee

6

award where county repealed challenged ordinance after district court ruled it unconstitutional)). And here, the court found, it was clear that the legislature "amended the law in question only after [the court] determined that it was unconstitutional" and because of that holding. *Id.*

The court then went on to calculate a fee award. Based on the "lodestar" method, the court awarded a total of $60,381.15 in attorney's fees and costs, all for work performed before the entry of summary judgment. *Id.* at *2–3; *see McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (describing lodestar method). The defendants asked the court to reduce the award by 80 percent on the theory that Grabarczyk had been mostly unsuccessful because his case was dismissed as moot and he believed the amended law remained constitutionally insufficient. *Id.* at *3. The district court rejected that request, explaining that Grabarczyk was "fully successful" in the district court and that the legislature's decision to amend the challenged statute after the court's judgment did not negate his success. *Id.*

The defendants timely appealed the district court's award of attorney's fees.

## II.

We review a district court's "prevailing party" determination de novo, and the amount of fees awarded for abuse of discretion. *McAfee*, 738 F.3d at 87–88. Largely for the reasons given by the district court, we affirm the award of attorney's fees.

## A.

We first consider whether Grabarczyk is a "prevailing party" under 42 U.S.C. § 1988. That statute provides that in an action to enforce § 1983 or other specified civil

rights laws, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). We interpret the term "prevailing party" consistently across all federal fee-shifting statutes. *Reyazuddin v. Montgomery Cnty.*, 988 F.3d 794, 796 (4th Cir. 2021). And in all those contexts, a plaintiff who has obtained a favorable judgment on the merits is the classic example of a prevailing party. *Buckhannon*, 532 U.S. at 603–04.

Here, Grabarczyk won a final judgment on the merits in the district court. He also obtained substantial judicial relief on his claim, including entry of a final injunction requiring that class members be removed from the registry and prohibiting their prosecution for offenses relating only to registered sex offenders. *See Grabarczyk*, 2020 WL 2441418, at *5–6. In the ordinary case, it would be clear that he is a prevailing party under § 1988. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (explaining that a plaintiff "prevails" only when he receives "actual relief on the merits of his claim").

But this case, according to the defendants, is different, because here, the legislature stepped in to correct the constitutional violation identified by the district court. As a result, Grabarczyk's case became moot on appeal and his judgment was vacated – leaving him, the defendants argue, without the "currently enforceable judgment" required for recovery under § 1988. Like the district court, we disagree. When the reason for mootness and an accompanying vacatur is that a state legislature acted to remedy a violation of federal law declared by the district court, the plaintiff who proved that violation in court has prevailed.

To be sure – and as the district court recognized, *Grabarczyk*, 2021 WL 308600, at *2 – a defendant's voluntary change in conduct *prior* to the entry of judgment "lacks the

8

necessary judicial imprimatur" to afford a plaintiff prevailing party status. *See Buckhannon*, 532 U.S. at 605. In *Buckhannon*, the plaintiffs' civil rights action was dismissed as moot before any substantive ruling by the district court, when the state legislature eliminated the state-law provision at issue. The plaintiffs sought fees under § 1988 on the theory that their lawsuit – though never ruled on by the district court – had "catalyzed" the voluntary legislative change that delivered them their desired result. *Id.* at 602. The Supreme Court rejected that theory, clarifying that only a litigant "who has been awarded some relief by the court" can qualify as a § 1988 prevailing party. *Id.* at 603. An "enforceable judgment[] on the merits," the Court reasoned, assures a "judicially sanctioned change in the legal relationship of the parties" and forecloses the possibility of an award for a "meritless lawsuit." *Id.* at 604–06.

As we recently held, however, an enforceable judgment is not a prerequisite to § 1988 attorney's fees when the challenged conduct ceases *after* a plaintiff has received a favorable decision on the merits. In *Reyazuddin v. Montgomery County*, we considered a case in which a Rehabilitation Act plaintiff seeking both damages and injunctive relief received neither from the court: The jury found the defendant county liable but awarded $0.00 in damages; and then, after the verdict and after the county "capitulated" by accommodating the plaintiff, the district court denied her claim for injunctive relief as unnecessary. *See* 988 F.3d at 796–97. That meant, the district court believed, that Reyazuddin, who was left without an "enforceable judgment," could not be a prevailing party for purposes of a fee award. *Id.* at 797.

9

We disagreed. This case, we explained, was not like *Buckhannon*, because Reyazuddin, unlike the *Buckhannon* plaintiffs, had "secure[d] a judgment on the merits" of her Rehabilitation Act claim when the jury found in her favor. *Id.* at 797. Reyazuddin, in other words, was not claiming prevailing party status "because she catalyzed the County to change its behavior by filing a lawsuit." *Id.* at 798. Rather, she was a prevailing party because she "*proved* her claim to a jury," and did so before the County finally took the remedial steps that led the district court to deem further equitable relief inappropriate. *Id.* It would be unjust, we reasoned, to hold that Reyazuddin was not a prevailing party because the County's "timely capitulation" to the jury's liability verdict rendered unnecessary the enforceable injunction to which she otherwise would have been entitled. *Id.*

*Reyazuddin* governs this case, and we reach the same result here. Under *Reyazuddin*, when a state ceases the activity challenged in a lawsuit after a court has ruled on the lawfulness of the activity and in response to that ruling, the plaintiff has prevailed for purposes of § 1988. And that is exactly what happened here. As in *Reyazuddin*, Grabarczyk proved his claim in court; and as in *Reyazuddin*, he did so before the legislature "capitulated" to the court's ruling, rendering equitable relief unnecessary and mooting out his case. It would make no more sense here than in *Reyazuddin* to strip Grabarczyk of his prevailing party status because "the very *merit* of his claim," as adjudicated by the district court, led the legislature to correct the constitutional deficiency identified by that court. *Id.* at 798 (quoting *Buckhannon*, 532 U.S. at 616 (Scalia, J., concurring)). And in neither case are the concerns identified by *Buckhannon* implicated: The judgment on the merits prevents a fee award for a "potentially meritless lawsuit," and the defendant's response to

10

that judgment carries the "necessary judicial imprimatur." *See Buckhannon*, 532 U.S. at 603, 605–06; *see also Palmetto Props.*, 375 F.3d at 550 (explaining that county repeal of ordinance *after* judicial determination is "most persuasively construed as involuntary – indeed exhibiting judicial imprimatur").

The defendants seek to distinguish *Reyazuddin* on multiple grounds, none of which we find persuasive. First, the defendants insist that the plaintiff in *Reyazuddin* was entitled to fees under § 1988 because she did in fact have an enforceable judgment, in the form of the jury verdict in her favor, whereas the only judgment in Grabarczyk's favor has been vacated. But for § 1988 purposes, an "enforceable judgment" is one that entitles the plaintiff to "actual relief." *See Farrar*, 506 U.S. at 112 (holding that an award of nominal damages, but not purely declaratory relief, suffices for prevailing party status). So it was clear in *Reyazuddin* that the plaintiff's $0.00 jury verdict could not by itself support a § 1988 fee award. *See* 988 F.3d at 796. Had it been otherwise, of course, *Reyazuddin* would have been a much simpler case and all our reasoning beside the point.

The defendants also suggest that in this case, there is no "cause-and-effect relationship" between the district court's entry of judgment in Grabarczyk's favor and the statutory changes that brought him relief. The legislature, in other words, did not "capitulate" to the district court's order, as in *Reyazuddin*; instead, the legislature made a purely "voluntary" change to its laws that lacks the necessary "judicial imprimatur." *See Buckhannon*, 532 U.S. at 605. But the district court ruled to the contrary, finding as a matter of fact that the legislature acted "because of" the court's judgment, *Grabarczyk*, 2021 WL 308600, at *2, and we have no ground to disturb that finding on review. Indeed,

11

it appears to be eminently reasonable, given that the legislature's amendment referred expressly to the district court's judgment in providing for retroactive review of class members' "substantially similar" determinations.

Finally, the defendants make much of the fact that in this case, it was not the defendants themselves – state officials named under *Ex Parte Young* – but the state legislature that acted to amend state law and thus mooted the case. Unlike the defendant county in *Reyazuddin*, they contend, which was itself the governmental entity that "capitulated," the defendants here sought to appeal the district court's judgment, and it would be unfair to hold the legislature's actions against them. We appreciate that the distinction between *Ex Parte Young* defendants and a state legislature is important in some contexts. *See Catawba Riverkeeper Found.*, 843 F.3d at 590–91 (distinguishing between state official defendants and state legislature for purposes of assigning "fault" in vacatur inquiry). In this one, however, we do not think it can bear the weight the defendants assign it.

First, as explained above, the question on which this fee award turned was whether Grabarczyk's judgment on the merits caused the state legislature to amend the underlying registration law. And as the district court found, the answer to that question is yes. The judgment may have run against *Ex Parte Young* defendants and not the State itself, but it was because Grabarczyk could enforce that judgment against those defendant officials – ordering them to delist hundreds of individuals from the sex-offender registry – that the legislature had to amend its statute or face massive deregistration. For purposes of this

12

§ 1988 claim, in other words, what matters is the effect of the judgment on the legislature, and not whether the defendant was a state official or the State itself.

That result, of course, is perfectly in keeping with the nature of § 1983 litigation, in which *Ex Parte Young* suits against state officials in their official capacities generally are understood to be "no different from a suit against the State itself." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And for that reason, we disagree with the defendants that awarding fees is tantamount to holding them to an adverse judgment that they no longer can appeal. The defendant officials here – those officials with the requisite connection to enforcement of the challenged law – are stand-ins for the State of North Carolina, *see S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333–34 (4th Cir. 2008), and once the State abandons the challenged registration scheme, they have no separate interest to vindicate on appeal.

That distinguishes this case from *S-1 and S-2 v. State Board of Education*, 21 F.3d 49 (4th Cir. 1994) (en banc) (per curiam), on which the defendants rely. There, this court vacated a summary judgment order in the plaintiffs' favor as moot for prudential reasons, after the plaintiffs reached a settlement agreement with one of three defendants. *Id.* at 50–51. But the other defendants – the State Board of Education and its chairman – had not settled; instead, they had appealed on the merits, seeking to vindicate their view of the underlying statutory requirements. *See S-1 and S-2 v. State Bd. of Educ.*, 6 F.3d 160, 169 (4th Cir. 1993) (Wilkinson, J., dissenting) (adopted by en banc majority). In denying § 1988 attorney's fees to the plaintiffs, the court expressed concern that "crediting plaintiffs' vacated judgment against the State Board . . . effectively deprives the state

13

defendants in this case of their right to an appeal." *Id.* Here, on the other hand, the state defendants have no rights, separate from the State's, to raise on appeal; they are not accused of any personal wrongdoing or personally liable for any fees awarded. So once the State decides to submit to the district court's judgment, the defendants have nothing left to appeal. Indeed, the state defendants here *never* sought to appeal the merits of the district court's constitutional holding, raising in their initial notice of appeal only a challenge to their identification as appropriate *Ex Parte Young* defendants and other non-merits issues.

Nor, contrary to the defendants' suggestion, does *S-1 and S-2* otherwise establish that a currently enforceable judgment is a prerequisite to recovery under § 1988. That case was concerned primarily with the "catalyst theory" subsequently rejected by the Supreme Court in *Buckhannon*, and held that plaintiffs could not be prevailing parties by virtue of a legislative change made three years after their case was dismissed as prudentially moot because of a partial settlement – even if, as the plaintiffs argued, their lawsuit instigated a chain of events that eventually culminated in the legislative change they sought. *See S-1 and S-2*, 21 F.3d at 51. *S-1 and S-2* had no occasion to address the different circumstances we later passed on in *Reyazuddin* and confront today, in which challenged conduct ceases because of a judicial ruling on the merits, and that cessation itself is what renders unnecessary or moot an award of injunctive relief.

Our holding today, like our holding in *Reyazuddin*, *see* 988 F.3d at 798, is a narrow one. *See Palmetto Props.*, 375 F.3d at 543 (explaining that "prevailing party" determination may require "meticulous analysis of the particular judgments and orders entered in a case") (internal quotation marks omitted). Grabarczyk remains a prevailing

14

party entitled to attorney's fees in connection with his successful district court litigation because the legislature amended the challenged law – and thereby mooted his case – only *after* he won a final judgment on the merits and *because* of that judgment. *See Grabarczyk*, 2021 WL 308600, at *2 ("The Court is persuaded that where a legislative change mooting the case is made *after* the entry of summary judgment and *because* of the judicial ruling, an award of fees is appropriate under § 1988 to the party which prevailed on summary judgment.") As the district court explained, *id.*, that holding is consistent with the Seventh Circuit's decision in *Palmetto Properties*, which likewise affirmed a fee award where the defendant county repealed the challenged ordinance and thus mooted the case "only *after*" the district court determined it was unconstitutional "and presumably *because of*" that determination. 375 F.3d at 549–50.

Our holding also is consistent with cases in several other circuits, which likewise approve fee awards when a district court judgment is vacated because a legislative change moots the case on appeal. *See, e.g.*, *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 454 (1st Cir. 2009) (collecting cases); *Thomas v. Haslam*, No. 20-6188, 2021 WL 3754240, at *2 (6th Cir. Aug. 25, 2021) (collecting cases). But those cases, we note, embrace a broader theory than ours, holding categorically that a plaintiff who wins relief on the merits before a district court remains a prevailing party if the judgment is vacated as moot on appeal, regardless of *why* the case has become moot. *See Diffenderfer*, 587 F.3d at 454 ("When plaintiffs clearly succeeded in obtaining the relief sought before the district court and an intervening event rendered the case moot on appeal, plaintiffs are still 'prevailing parties' for the purposes of attorney's fees for the district court litigation."); *Thomas*, 2021 WL

15

3754240, at \*2 ("Even though our Court held that this case was moot because [the challenged statute] was amended, it does not change the fact that the Plaintiffs prevailed at the district court."). We have no need in this case to opine on that broader rationale, which would not require the kind of "causation" found and relied on by the district court here. Instead, consistent with *Reyazuddin*, we hold only that when a plaintiff wins judicial relief on the merits in the district court, and that ruling causes a state legislature to remedy the violation of federal law identified by the district court, the plaintiff who proved that violation is a prevailing party under § 1988.

**B.**

We may dispense more briefly with the defendants' alternative argument: that even if Grabarczyk is entitled to fees, his fee award of $60,381.15 was excessive. The defendants do not dispute the district court's calculation of hours worked or an appropriate hourly rate. Instead, to the extent they argue this point – which is all but abandoned in their reply brief – they contend only that the award is excessive because Grabarczyk failed to obtain meaningful relief, mostly on the ground that he continues to find constitutional fault with the State's sex-offender registration system.

As the defendants concede, however, a plaintiff's degree of success is determined by comparing the "scope of the injunctive relief sought to the relief actually granted." *Mercer v. Duke Univ.*, 401 F.3d 199, 205 (4th Cir. 2005). And by that metric, as the district court concluded, Grabarczyk was "fully successful," *Grabarczyk*, 2021 WL 308600, at \*3, receiving all the injunctive relief he requested. Nor, as the district court explained, is it relevant at this point in the analysis that the judgment was vacated on appeal; so long as

16

Grabarczyk is a prevailing party, "that the state legislature elected to amend the challenged statute" takes nothing away from his success.  *Id.*  We find no abuse of discretion in the district court's calculation of the fee award.

**III.**

For the reasons given above, the judgment of the district court is affirmed.

*AFFIRMED*