**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1756

DAMIAN STINNIE; MELISSA ADAMS; ADRAINNE JOHNSON; WILLIEST BANDY; BRIANNA MORGAN, individually, and on behalf of all others similarly situated,

> Plaintiffs – Appellants,

v.

RICHARD D. HOLCOMB, in his official capacity as the Commissioner of the Virginia Department of Motor Vehicles,

> Defendant – Appellee.

-----------------------------

AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA, ET AL,

> Amicus Supporting Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:16-cv-00044-NKM-JCH)

Argued:  May 4, 2022                                        Decided:  June 27, 2022

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by published opinion.  Judge Thacker wrote the opinion, in which Judge Harris and Judge Quattlebaum joined.  Judge Harris wrote a concurring opinion.

**ARGUED:** Tennille Jo Checkovich, SMITHFIELD FOODS, INC., Smithfield, Virginia, for Appellants. Trevor Stephen Cox, HUNTON ANDREWS KURTH, LLP, Richmond, Virginia, for Appellee. **ON BRIEF:** Jonathan T. Blank, Benjamin P. Abel, Charlottesville, Virginia, John J. Woolard, MCGUIREWOODS LLP, Richmond, Virginia; Angela A. Ciolfi, Charlottesville, Virginia, Patrick Levy-Lavelle, LEGAL AID JUSTICE CENTER, Richmond, Virginia; Leslie Kendrick, Charlottesville, Virginia; Michael Stark, Smithfield, Virginia, for Appellants. Mark R. Herring, Attorney General, Donald D. Anderson, Deputy Attorney General, Julie M. Whitlock, Senior Assistant Attorney General & Transportation Section Chief, Janet W. Baugh, Senior Assistant Attorney General, Christian A. Parrish, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia; Maya M. Eckstein, David M. Parker, HUNTON ANDREWS KURTH LLP, Richmond, Virginia, for Appellee. Theodore A. Howard, WILEY REIN LLP, Washington, D.C., for Amici Curiae.

———————

2

THACKER, Circuit Judge:

This fee dispute arises from a putative class-action challenge to a now-repealed Virginia statute that triggered the automatic suspension of the driver's licenses of Damian Stinnie, Demetrice Moore, Robert Taylor, Neil Russo (collectively, "Appellants"), and numerous other Virginia residents for nonpayment of court costs and fines.  After Appellants obtained a preliminary injunction, the Virginia General Assembly passed a law repealing the challenged statute.  Appellants stipulated that dismissal of the underlying lawsuit was therefore appropriate but claimed that they were nonetheless entitled to attorney's fees pursuant to 42 U.S.C. § 1988 because they secured the preliminary injunction.

The district court denied Appellants' petition for attorney's fees, citing our decision in *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268 (4th Cir. 2002), wherein we held that preliminary injunctions do not confer the requisite "prevailing party" status required for an award of fees pursuant to § 1988.  On appeal, Appellants contend that *Smyth* is not controlling because it is untenable with subsequent Supreme Court decisions.

We conclude *Smyth* remains the law of this circuit.  And, pursuant to *Smyth*, Appellants are not prevailing parties.  Accordingly, we affirm the district court's denial of their petition for attorney's fees and litigation expenses.

## I.

In 2016, Appellants initiated a civil action against Richard Holcomb (the "Commissioner") in his official capacity as the Commissioner of the Virginia Department

of Motor Vehicles, challenging the constitutionality of Virginia Code § 46.2-395. The

now-repealed statute provided, in relevant part:

> (B) . . . [W]hen any person is convicted of any violation of the
> law of the Commonwealth or of the United States or of any
> valid local ordinance and fails or refuses to provide for
> immediate payment in full of any fine, costs, forfeitures,
> restitution, or penalty lawfully assessed against him, or fails to
> make deferred payments or installment payments as ordered by
> the court, the court shall forthwith suspend the person's
> privilege to drive a motor vehicle on the highways in the
> Commonwealth . . .
>
> (C) Before transmitting to the Commissioner a record of the
> person's failure or refusal to pay all or part of any fine, costs,
> forfeiture, restitution, or penalty . . . the clerk of the court that
> convicted the person shall provide or cause to be sent to the
> person written notice of the suspension of his license or
> privilege to drive a motor vehicle in Virginia, effective 30 days
> from the date of conviction, if the fine, costs, forfeiture,
> restitution, or penalty is not paid prior to the effective date of
> the suspension as stated on the notice . . . .

*Stinnie v. Holcomb*, 734 F. App'x 858, 860 (4th Cir. 2018) (quoting Va. Code § 46.2-395

(repealed 2020)). In their complaint, Appellants claimed that the Commissioner enforced

§ 46.2-395 in a manner that violated the Due Process and Equal Protection clauses by

"unfairly punish[ing] them for being poor." *Id.* at 680 (internal quotation marks omitted).[1]

In December 2018, the district court issued a detailed memorandum opinion

granting Appellants a preliminary injunction. *See generally Stinnie v. Holcomb*, 355 F.

---

[1] Initially, the district court granted the Commissioner's motion to dismiss the case for lack of subject matter jurisdiction, but, on appeal, we remanded the case to the district court with instructions to allow Appellants to amend their complaint.

4

Supp. 3d 514 (W.D. Va. 2018).  As is relevant here, the district court applied the four-part test from *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7 (2008), and concluded that Appellants "demonstrate[d] a likelihood of success on their claim that § 46.2-395 violate[d] procedural due process" because "§ 46.2-395, on its face, [did] not provide a meaningful opportunity to be heard regarding license suspension."  *Id.* at 531. Accordingly, the district court preliminarily enjoined the Commissioner from enforcing § 46.2-395 against Appellants.

Three months later, in March 2019, former Virginia Governor Ralph Northam proposed Budget Amendment No. 33, which suspended the enforcement of § 46.2-395 going forward and required the Commissioner to reinstate, without fees, driving privileges for persons whose licenses were previously revoked pursuant to the statute.  Press Release, Va. Off. of the Governor, Governor Northam Announces Budget Amend. To Eliminate Driver's License Suspensions for Nonpayment of Ct. Fines & Costs (Mar. 26, 2019), https://www.governor.virginia.gov/newsroom/all-releases/2019/march/headline-839710-en.html.  The Virginia General Assembly passed the Amendment "by votes of 70 to 29 in the House and 30 to 8 in the Senate."  *Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 658 (W.D. Va. 2019).  Thereafter, upon motion from the Commissioner and over Appellants' objections, the district court stayed the proceedings pending the 2020 session of Virginia's General Assembly.  *See id.* at 659–60.  The district court reasoned that staying the "long, contentious, and no doubt costly" litigation was appropriate because the General Assembly's support of the Budget Amendment "indicate[d] political hostility toward[]

5

§ 46.2-395," and the Commissioner "testified that the process of drafting legislation to codify the Budget Amendment ha[d] begun." *Id.* at 658.

During its 2020 regular session, the Virginia General Assembly eliminated § 46.2-395 from the Code of Virginia. Accordingly, in May 2020, the parties filed a stipulation of dismissal. In the stipulation, the parties expressly reserved any argument as to Appellants' entitlement to attorney's fees and expenses. Appellants then petitioned the district court for attorney's fees and expenses pursuant to 42 U.S.C. § 1988. Appellants argued that the 2018 preliminary injunction conferred upon them "prevailing party" status, making them eligible for a discretionary award of fees and expenses.

The district court denied the petition. Specifically, the district court reasoned that pursuant to our decision in *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268 (4th Cir. 2002), Appellants cannot be prevailing parties and therefore are not eligible for an award of attorney's fees and expenses. In doing so, the district court rejected Appellants' argument that *Smyth* is untenable with the Supreme Court's decisions in *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7 (2008) and *Lefemine v. Wideman*, 568 U.S. 1 (2012) (per curiam) and is no longer controlling law in the Fourth Circuit.

## II.

We review de novo a district court's "prevailing party" determination. *Grabarczyk v. Stein*, 32 F.4th 301, 306 (4th Cir. 2022). "[I]t is well-settled that a panel of this court is bound by prior precedent from other panels in this circuit absent contrary law from an en banc or Supreme Court decision." *United States v. Seigler*, 990 F.3d 331, 336 n.6 (4th Cir.

6

2021) (internal quotation marks omitted); *see also McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) ("A number of cases from this court have stated the basic principle that one panel cannot overrule a decision issued by another panel.").

Because our decision in *Smyth* is not untenable with any Supreme Court decisions, it is binding upon this panel and requires us to affirm the decision of the district court. *United States v. Banks*, 29 F.4th 168, 175 (4th Cir. 2022).

### III.

Pursuant to 42 U.S.C. § 1988(b), the "prevailing party" in certain civil rights proceedings may recover attorney's fees. "The term 'prevailing party' is a legal term of art," *Reyuzuddin v. Montgomery Cnty.*, 988 F.3d 794, 796 (4th Cir. 2021), which means a party that has "been awarded some relief by the court," *Sky Cable, LLC v. DIRECTV, Inc.*, 23 F.4th 313, 317 (4th Cir. 2022) (internal quotation marks omitted). The term "some relief" refers to "relief that creates the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Sky Cable, LLC*, 23 F.4th at 317–18 (internal quotation marks and alterations omitted).

In *Smyth*, we explicitly held "the preliminary injunction entered by the district court does not satisfy the prevailing party standard of § 1988(b)." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 277 (4th Cir. 2002). We reasoned that the preliminary injunction framework is "an unhelpful guide to the legal determination of whether a party has prevailed," considering the "preliminary, incomplete nature of the merits examination" and the fact

7

that "in granting a preliminary injunction a court is guided not only by its assessment of the likely success of the plaintiff's claims, but also by other considerations, notably a balancing of likely harms." *Id.* at 276–77. As a result, *Smyth* is controlling and determinative here. Nonetheless, Appellants, seeking to avoid the fatal implications of this reality, urge us to conclude that *Smyth* is untenable or inconsistent with the Supreme Court's decisions in *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7 (2008), and *Lefemine v. Wideman*, 568 U.S. 1 (2012) (per curiam). But that is not so.

As is relevant here, *Winter* altered our test for preliminary injunctions. "Before the Supreme Court issued its ruling in *Winter*, this Court used a 'balance-of-hardship test' that allowed it to disregard some of the preliminary injunction factors if it found that the facts satisfied other factors." *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (quoting *Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189, 196 (4th Cir. 1977)). "However, in light of *Winter*, this Court recalibrated that test, requiring that each preliminary injunction factor be 'satisfied as articulated.'" *Id.*; *see also Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009) (recognizing "[o]ur *Blackwelder* standard . . . stands in fatal tension with the Supreme Court's 2008 decision in *Winter*"), *vacated and remanded on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

But our decision in *Smyth* primarily turned on the **nature** of preliminary injunctions -- which remains unchanged -- not the **standard** for obtaining a preliminary injunction. For example, we emphasized "[a] district court's determination that such a showing [of

8

likelihood of success on the merits] has been made is best understood as a prediction of a probable, but necessarily uncertain, outcome" and "[t]he fact that a preliminary injunction is granted in a given circumstance, then, by no means represents a determination that the claim in question will or ought to succeed ultimately." *Smyth*, 282 F.3d at 276. *Winter* did not change these realities. Also relevant to our conclusion in *Smyth* that preliminary injunctions do not confer prevailing party status, and also unchanged by *Winter*, is "[t]he interplay of the[] equitable and legal considerations . . . that are part of the preliminary injunction context" that we reasoned "belie the assertion that the district court's decision to grant a preliminary injunction was an 'enforceable judgment[ ] on the merits or something akin to one for prevailing party purposes.'" *Id.* at 277. In sum, because our decision in *Smyth* was not based on our old *Blackwelder* standard for preliminary injunctions, Appellants' argument that *Smyth* is untenable considering the changed merits standard following *Winter* is unpersuasive.

Appellants' argument based on *Lefemine* fares no better. In *Lefemine*, the Supreme Court held that we erred in determining that a plaintiff who secured a permanent injunction, but no monetary damages, was not a "prevailing party" for the purposes of § 1988(b). 568 U.S. at 2. The Court reasoned that the district court's permanent injunction prohibiting police officers from threatening Lefemine with sanctions for protesting "worked the requisite material alteration in the parties' relationship" necessary to support an award of attorney's fees. *Id.* at 5. In doing so, the Supreme Court emphasized "that an injunction or declaratory judgment, like a damages award, will usually satisfy" the test outlined in

9

*Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) for determining when a party "prevails." *Id.* at 4 (citing *Rhodes v. Stewart,* 488 U.S. 1, 4 (1988)).

Appellants contend *Lefemine* "clarified" that "monetary relief is not required; injunctive relief standing alone can be sufficient" to support an award of attorney's fees pursuant to § 1988(b). Appellants' Opening Br. at 25. But, in summarizing the applicable standard in *Lefemine*, the Supreme Court relied on *Farrar*, which predates *Smyth*. Thus, as the district court observed, "the Supreme Court's brief per curiam decision implies that *Lefemine* involved a straightforward application of precedent," not a clarification of any sort. *Stinnie v. Holcomb*, No. 3:16-CV-00044, 2021 WL 2292807, at \*5 (W.D. Va. June 4, 2021). Moreover, "a permanent injunction (like the one granted in *Lefemine*) differs from a preliminary injunction [like the injunctions granted here and in *Smyth*] because it is based on a finding of success on the merits[--]not the *likelihood* of such success." *Id.* (emphasis in original).

The changed merits standard following *Winter* and the Supreme Court's decision in *Lefemine* explicitly holding that the issuance of a permanent injunction alone is sufficient to support an award of attorney's fees do not make *Smyth* untenable. Indeed, "[w]e do not lightly presume that the law of the circuit has been overturned, especially where, as here, the Supreme Court opinion and our precedent can be read harmoniously." *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019) (internal quotation marks omitted). "Adhering to our longstanding rule that a panel of this court is bound by prior precedent from other panels in this circuit absent contrary law from an en banc or Supreme Court decision

10

demands nothing less." *Id.* (internal quotation marks omitted); *see also United States v. Banks*, 29 F.4th 168, 175 (4th Cir. 2022) ("A panel of this Court cannot overrule a precedential decision."); *Warfield v. Icon Advisers, Inc*, 26 F.4th 666, 670 n.3 (4th Cir. 2022) ("[S]itting as a panel we cannot overrule a prior panel decision."); *United States v. Moses*, 23 F.4th 347, 359 (4th Cir. 2022) (King, J., dissenting in part and concurring in the judgment) ("[N]o panel of this Court is entitled to circumscribe or undermine an earlier panel decision.").[2]

In sum, at this juncture, we are bound by *Smyth* because it is directly on point and is neither distinguishable from nor untenable with any Supreme Court decision. *See McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) ("[O]ne panel cannot overrule a decision issued by another panel.").

---

[2] Our recent *Grabarczyk* decision -- which holds "when a plaintiff wins judicial relief on the merits in the district court, and that ruling causes a state legislature to remedy the violation of federal law identified by the district court," it is a prevailing party -- does not lead us to a different result. *Grabarczyk v. Stein*, 32 F.4th 301, 310 (4th Cir. 2022). "Grabarczyk remain[ed] a prevailing party entitled to attorney's fees . . . because the legislature amended the challenged law [--] and thereby mooted his case [--] only *after* he won a final judgment on the merits and *because* of that judgment." *Id.* (emphasis in original). Unlike Grabarczyk, Appellants never obtained a final judgment on the merits. *See Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013) ("'The traditional office of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits.'").

IV.

For the foregoing reasons, the district court's denial of Appellants' petition for attorney's fees and litigation expenses is

*AFFIRMED*.

PAMELA HARRIS, Circuit Judge, concurring:

I join in full the majority's opinion, which cogently explains why our decision in *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268 (4th Cir. 2002), remains binding upon this panel and requires us to affirm the decision of the district court. I write separately to suggest that for two reasons, our circuit may wish to reconsider *Smyth* in the appropriate case.

First, although subsequent Supreme Court cases have not superseded *Smyth*, one of them – *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) – has gone a long way toward addressing its concerns. At the time *Smyth* was decided, courts in this circuit could grant preliminary injunctions on equitable grounds without a showing of likely success on the merits. *See Blackwelder Furniture Co. of Statesville, Inc. v. Selig Mfg. Co.*, 550 F.2d 189, 195–96 (4th Cir. 1977); *Smyth*, 282 F.3d at 276–77 (describing *Blackwelder*'s sliding-scale approach). And the court in *Smyth* quite sensibly worried about according "prevailing party" status to a plaintiff who had obtained a preliminary injunction based primarily on a balancing of likely harms, without a rigorous assessment of the merits of the plaintiff's claim. *See* 282 F.3d at 276–77.

Today, however, under *Winter*'s more stringent standard, a plaintiff can obtain a preliminary injunction *only* by first establishing a likelihood of success on the merits. *See Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009) ("The *Winter* requirement that the plaintiff clearly demonstrate that it will *likely succeed* on the merits is far stricter than the *Blackwelder* requirement."), *vacated on other grounds*, 559 U.S. 1089

13

(2010). That does not mean, as the majority opinion explains, that *Winter* has rendered our decision in *Smyth* untenable. *See* Maj. Op. Part III. Indeed, *Smyth* was carefully written to survive just this change in the law of preliminary injunctions. *See* 282 F.3d at 277 n.8. But it does mean that we could reconsider our rule in *Smyth* without opening the door to the risk that so concerned the court in that case: that a plaintiff could be deemed a prevailing party, and thus entitled to fees, by virtue of a preliminary injunction that had little or nothing to do with the merits of her claim. *Id.* at 277.

Second, the rule set out in *Smyth* is a complete outlier. As the Commissioner forthrightly concedes, ours is the only circuit in the country in which a preliminary injunction never may serve as the basis for prevailing party fees under § 1988. Every other circuit to consider the issue has held that a plaintiff whose case is mooted after she obtains a preliminary injunction – so that the preliminary injunction by definition cannot be reversed or undone by a final decision in the case – may qualify as a prevailing party in appropriate circumstances. *See Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 542 (6th Cir. 2019); *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 716 (9th Cir. 2013); *Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 909–10 (8th Cir. 2012); *Kan. Jud. Watch v. Stout*, 653 F.3d 1230, 1238 (10th Cir. 2011); *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009); *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 233 (3d Cir. 2008); *Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008); *Dupuy v. Samuels*, 423 F.3d 714, 723 n.4 (7th Cir. 2005); *Select Milk*

14

*Producers, Inc. v. Johanns*, 400 F.3d 939, 948 (D.C. Cir. 2005); *Haley v. Pataki*, 106 F.3d 478, 483–84 (2d Cir. 1997).[*]

In most circuits, the preliminary injunction will suffice so long as it rests on a finding of probable success on the merits and orders a change in the legal relationship between the parties. *See, e.g.*, *Planned Parenthood*, 931 F.3d at 542; *Higher Taste*, 717 F.3d at 716; *Kan. Jud. Watch*, 653 F.3d at 1237–38; *Select Milk Producers*, 400 F.3d at 948; *Haley*, 106 F.3d at 483. In one circuit, it seems, the merits-based preliminary injunction also must have been the *cause* of the case's subsequent mootness, as the impetus for a defendant's decision to cease the challenged conduct or otherwise moot the case. *See Dearmore*, 519 F.3d at 524; *see also People Against Police Violence*, 520 F.3d at 233 (affirming fee award where defendant revised challenged ordinance in response to preliminary injunction). But in no circuit other than ours is there a bright-line rule that a preliminary injunction *never* can satisfy the prevailing party standard. And the Supreme Court has explicitly left this question open. *See Sole v. Wyner*, 551 U.S. 74, 86 (2007) ("We express no view on whether, in the absence of a final decision on the merits of a claim for permanent injunctive relief, success in gaining a preliminary injunction may sometimes warrant an award of counsel fees.").

---

[*] The First Circuit has not directly addressed this issue, *see Sinapi v. R.I. Bd. of Bar Exam'rs*, 910 F.3d 544, 552 (1st Cir. 2018), but district courts within it have followed the consensus rule, *see, e.g.*, *Tri-City Cmty. Action Program, Inc. v. City of Malden*, 680 F. Supp. 2d 306, 314 (D. Mass. 2010).

On the facts of this case, the plaintiffs would almost certainly qualify as prevailing parties were it not for our categorical rule to the contrary. To begin, there is no question that their preliminary injunction was solidly merits-based. After a comprehensive assessment of the strength of the plaintiffs' case, informed by an evidentiary hearing and oral argument, the district court found that the plaintiffs had made a "clear showing" of a likelihood of success on the merits. *Stinnie v. Holcomb*, 355 F. Supp. 3d 514, 527–31 (W.D. Va. 2018). Although the court went on to find that the remaining preliminary injunction factors also weighed in favor of the plaintiffs, *id.* at 532, the crux of its opinion was the merits analysis. "In other words, this is not a case in which a preliminary injunction was based less on the trial court's view of the merits than on a perceived hardship to the plaintiff[s]." *Select Milk Producers*, 400 F.3d at 948. Rather, the plaintiffs "secured a preliminary injunction in this case largely because their likelihood of success on the merits was never seriously in doubt." *Id.*

It is true, as we explained in *Smyth*, that this merits analysis was necessarily provisional. *See* 282 F.3d at 276; Maj. Op. Part III. But for the time it was in effect, the preliminary injunction materially altered the parties' legal relationship, prohibiting the Commissioner from enforcing the challenged provision against the plaintiffs. *See, e.g.*, *Higher Taste*, 717 F.3d at 716 & n.1 (distinguishing injunctions that merely maintain the status quo). And the reason this preliminary injunction never advanced past the provisional stage is that the *Commissioner* mooted the case, heading off a final judgment. The *plaintiffs* were eager to go forward to summary judgment. But over their objection, the

16

Commissioner secured several stays, which he used to successfully lobby the legislature to repeal section 46.2-395 – with the express aim, in part, of avoiding the payment of attorney's fees. *See, e.g.*, J.A. 968–69 (letter from Commissioner to state senator asking legislature to address the matters at issue in the *Stinnie* litigation to avoid "costly legal fees"). So even in a circuit requiring a causal link between a preliminary inunction and the mooting of a case, the plaintiffs here would be prevailing parties eligible for attorney's fees.

Our circuit rule, by contrast, allows defendants to game the system. Faced with a suit against a potentially or even very probably illegal provision or practice, there is no downside to litigating through the preliminary injunction stage: If and when a court confirms the likely merit of the plaintiff's claim, there will be time enough for the defendant to cease the challenged conduct (or persuade the legislature to do so), moot the case, and avoid the payment of fees. And the plaintiff, who almost certainly will have devoted considerable effort and resources to obtaining a preliminary injunction, is left holding the bag, with no way to recover those costs. The predictable result is fewer attorneys willing to take on even the most meritorious civil rights suits on behalf of indigent plaintiffs – a result in direct contravention of the whole point of § 1988, which is to ensure "effective access" to the judicial system for all persons with civil rights grievances. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, at 1 (1976)).

It is of course possible, as the Commissioner assures us, that *Smyth* is right and every other circuit is wrong. But that is the kind of question that seems worth considering as an

17

en banc court. *See* Fed. R. App. P. 35(b) advisory committee's note to 1998 amendment ("[A] situation that may be a strong candidate for a rehearing en banc is one in which the circuit persists in a conflict created by a pre-existing decision of the same circuit and no other circuits have joined on that side of the conflict."). Until then, as the majority opinion sets out, we have no choice but to affirm the district court's denial of attorney's fees. *See United States v. Seigler*, 990 F.3d 331, 336 n.6 (4th Cir. 2021) ("[I]t is well-settled that a panel of this court is bound by prior precedent from other panels in this circuit absent contrary law from an en banc or Supreme Court decision." (internal quotation marks omitted)). I therefore concur in the court's opinion.